[Nos. 587, 592.    September 5, 1894.]

IN RE TERRITORY OF NEW MEXICO v. H. S. CLANCY, CLERK OF THE SUPREME COURT OF TERRITORY OF NEW MEXICO, RESPONDENT; IN RE SAME v. A. L. KENDALL, ET AL.; BOARD OF COUNTY COMMISSIONERS OF SANTA FE COUNTY, RESPONDENTS.

CONTEMPT OF COURT, WHAT CONSTITUTES—DISREGARD OF ORDER OF COURT BY COUNTY COMMISSIONERS ON ADVICE OF THEIR ATTORNEY.— Where the board of county commissioners of Santa Fe county, knowing that the court had initiated a process restraining them from proceeding to declare forfeited and vacant the office of sheriff and ex officio collector of said county, disregarded its order, by thereupon declaring said office forfeited and vacant, they were guilty of contempt; and the fact that they acted upon the advice of their attorney, who advised them that they were not bound to take cognizance of the order unless it was duly directed to and served upon them, and that it could not operate to suspend their proceedings against the said sheriff, did not protect them.

ID.—BY ATTORNEY, ADVISING DISOBEDIENCE OF AN ORDER OF COURT.—
An attorney of the court, counseling his client to disregard its order
upon the technicality that it was not formally promulgated by the
clerk of the court, and duly directed, was guilty of contempt, and, as
an officer of the court, deserving of the severest reprehension.

ID.—REFUSAL OF CLERK TO OBEY ORDER OF COURT, FOR FAILURE OF
JUSTICE, ISSUING ORDER, TO FILE HIS COMMISSION AND OATH OF
OFFICE.—Where the clerk of the supreme court refused to obey the
order of an associate justice of the court, upon the ground that the
justice had not filed his commission and oath of office with him, and
that he was not officially advised that the justice had duly qualified,
and further refused to obey the order, after being assured by the
presiding justice of the court that there was no requirement that the
commission and oath of office should be recorded in the clerk's office,
and that he would be fully protected in complying with the order,
he was guilty of contempt.

PROCEEDINGS, under the rules of the supreme court, by the territory of New Mexico against H. S. Clancy, clerk of the supreme court, A. L. Kendall, Charles W. Dudrow, and Victor Ortega, county commissioners of Santa Fe county, to show cause why they should not be punished for contempt of court for disobeying an order from the Honorable NEEDHAM C. COLLIER, associate justice of the supreme court, directing the issuance of a writ of prohibition, prohibiting and restraining the commissioners from declaring forfeited and vacant the office of sheriff of said county. Each of the respondents was found guilty; also Charles A. Spiess, attorney for the commissioners, though it does not appear that there was any rule upon him to show cause why he should not be punished for contempt.

The facts are more fully stated in the opinions of the court.

H. L. WARREN, W. B. CHILDERS, and H. B. FERGUSSON for the prosecution.

NEILL B. FIELD for respondent, H. S. CLANCY.

T. B. CATRON and CHARLES A. SPIESS for other respondents.

OPINION IN THE PROCEEDINGS AGAINST A. L. KENDALL,
C. W. DUDROW, AND VICTOR ORTEGA, COUNTY
COMMISSIONERS.

PER CURIAM.—The respondents answer that they were in the afternoon of the thirteenth day of November, 1893, at their meeting, and that one H. L. Warren appeared before them, while they were holding their session, examining the accounts of W. P. Cunningham, sheriff and ex officio collector of the county of Santa Fe, and exhibited a paper, which he stated was an order from the Honorable NEEDHAM C. COLLIER, associate justice of the supreme court, ordering the issuance of a writ of prohibition out of the supreme court, prohibiting and restraining the said board from proceeding in any manner to declare forfeited and vacant the said office of sheriff and ex officio collector of said county, and stated that they did not read it, or hear it read. It is shown, however, that it was tendered to them for their inspection, and the offer was made to have it read to them, and that they refused either to receive or hear it. Respondents further state that they became cognizant in the forenoon of said thirteenth day of November, 1893, that H. L. Warren had presented the order of the said associate justice to the clerk of the supreme court, and that the said clerk had declined to issue the writ of prohibition therein directed, and that they thereupon submitted the situation to Charles A. Spiess for advice in the premises, and that the said attorney gave them the opinion that they were not bound to take cognizance of said order unless it was duly directed to and served upon them, and that it could not operate to suspend their proceedings upon the notice and citation by them to the said Cunningham; that they thereupon declared forfeited and vacant the said office of sheriff and ex officio collector for the county of Santa Fe, for the

cause alleged in the said citation, and that in so acting, and disregarding the suggestion of H. L. Warren that the said order was as obligatory upon them as though formulated into a writ with the seal of the supreme court, they intended no disrespect to this court, or any member thereof. This court is impressed that these commissioners, in ignoring their official legal adviser, the district attorney, and in seeking other counsel, disclosed an animus in the premises to avoid the possibility of an opinion adverse to their disposition to proceed in the execution of the purpose indicated in their notice to Cunningham, and that they must take the consequence of the ill advice they received, and upon which they acted. Cognizant that the supreme court of this territory had, through one of its members, declared doubtful their right to continue their proceedings against the said sheriff, they should have forborne to exercise further jurisdiction, no matter whether this action of the court was communicated formally, by writ duly served, or by notice of the existence of the order of the court for a writ against them. The material inquiry is whether they knew that the court had initiated the process to restrain them; and that they were so apprised, they confess. They can not protect themselves by the fact that before their action a professional opinion was given them that they had the right to act. "The fact that before publication a professional opinion was given that the publication would not be a contempt does not change the character of the defendant's defamatory article, or relieve the defendant of liability for its origin and dissemination." Myers v. State, 22 N. E. Rep. (Ohio) 43. We will, however, pay due regard to the extenuating fact that the commissioners proceeded under the advice of counsel of their own selection, and accordingly will limit the punishment for their contempt proportionately to their

CONTEMPT of court, what constitutes: disregard of order of court on advice of attorney.

offense. The judgment of the court is that A. L. Kendall and C. W. Dudrow shall be confined in the county jail for twenty days. It appearing to the court that Victor Ortega, being unacquainted with the English langauge, did not understand the proceedings by his associates, the writ against him will be dismissed.

OPINION IN PROCEEDING AGAINST C. A. SPIESS.

PER CURIAM.—This attorney and officer of this court confesses that he advised the county commissioners of Santa Fe county—against whom Hon. NEEDHAM C. COLLIER, an associate justice of the supreme court of New Mexico, did on the thirteenth day of November, 1893, direct the issuance of a writ of prohibition to restrain the county commissioners of Santa Fe county, New Mexico, from proceeding against W. P. Cunningham, sheriff and ex officio collector of said county, with a view to declare his said office vacant—that they were not under any obligation to recognize the order of the said associate justice, and he declares that as a lawyer he honestly entertained the opinion that the said order, not being directed to the board of county commissioners, was in no sense binding upon them, though duly brought to their attention, and its contents explained by counsel representing W. P. Cunningham. It can not be tolerated that a person enjoying the privilege of practicing his profession before this court should deem it legitimate to counsel the disregard of its order upon the technicality that it was not formally promulgated by the clerk of the court, and duly directed. Knowing that such an order existed, and that in effect it was the action of this court, he should, in a proper appreciation of his relations to this court, have realized that it was incumbent upon him to admonish a due observance of the provisions of its order, rather than encourage premedi-

CONTEMPT of court by attorney, advising disobedience of its order.

tated and precipitate violation thereof. Apprised that an associate justice of this court had declared that sufficient cause existed to forbid the exercise of assumed jurisdiction by the said commissioners, it was his plain duty, as an honorable member of this bar, if called upon for counsel by the board, to inform them that the order was before them in substance, though not in form, and that they could not properly ignore it, no matter how great the disappointment to them of the arrest of their programme. That an attorney should hasten a body to acts deemed so questionable that their performance was forbidden by a tribunal duly authorized in the premises, for the purpose of taking advantage of delay in the formal completion of the order by the improper conduct of the ministerial officer of said court, can not be too severely condemned, and it is well settled that any such practice is unworthy, and regarded as contempt. King v. Barnes, 21 N. E. Rep. (N. Y.) 182. We will, in consideration of the animus, however, which influenced the proceeding of the attorney now under consideration, pay due regard to his disclaimer of any intention to commit a contempt. It is, therefore, adjudged that the said C. A. Spiess be imprisoned in the county jail for thirty days, and suspended from practice as an attorney of this court for twelve months.

OPINION IN PROCEEDING AGAINST H. S. CLANCY, CLERK OF THE SUPREME COURT.

PER CURIAM.—It appears that Hon. N. C. COLLIER, subscribing his name as an associate justice of the supreme court of the territory of New Mexico, issued an order on the thirteenth day of November, 1893, to H. S. Clancy, for a writ of prohibition against the county commissioners of the county of Santa Fe, and that the said clerk declined to obey said order upon the ground that the said associate justice had not

filed his commission and oath of office with the said clerk, and that the said clerk was not officially advised that the said associate justice had duly qualified, so as to entitle him to act in said capacity. It is not recognized by this court that the clerk was authorized to make any inquiry into the authority of the associate

REFUSAL of clerk to obey order of court for failure of justice issuing order to file his commission and oath of office.

justice to exercise the authority assumed by him, nor can it regard the action of the clerk as less than a grave imputation upon said justice, as it can not be conceived that the associate justice was capable of exercising the powers of his high office without a compliance with all the conditions requisite to acquire due authority. It is an indisputable presumption that a person acting in an official capacity is the officer he assumes to be, and it can not be pretended that it was legitimate that the ministerial officer of this body should have ignored this fundamental principle to any extent, and especially so far as to impeach the good faith of a lawyer of honored prominence, whom he knew to have been duly appointed to the position, of which the said justice, by the order he issued, declared himself to be the qualified incumbent. This consideration, of itself, involves the clerk in a very unfavorable status, but we regret to add that it is seriously aggravated by his subsequent conduct. It appears that, at the suggestion of prominent counsel, —H. L. Warren, who presented the order of the gentleman representing himself to be an associate justice for a writ of prohibition,—the said clerk referred the subject by wire to the presiding officer of this court, and inquired whether the said clerk was authorized to issue the writ, in the absence of evidence—the filing of the commission and oath of office—that the said associate justice was duly qualified to act, and that the presiding officer replied that there was no requirement that the commission and oath of office should be recorded in

the clerk's office, and that the said clerk would be fully protected in complying with said order. This answer was received by the clerk before the said county commissioners, against whom the said writ was ordered, assembled in the afternoon of the said thirteenth day of November, and in ample time for the said clerk to issue the writ and restrain the said commissioners, but he nevertheless persisted in his refusal to comply with the said direction of the said justice. If the said clerk was guilty of disobedience in not obeying the order of the said associate justice, when first presented, upon the theory that the commission and oath of office were not on file in his office, it is manifest that his offense became graver by persistence in his refusal after the assurance of the presiding officer that there was no provision for the recording of the said evidence of title and qualification, and that he would, in any event, be fully protected. The reason alleged for his disobedience having been removed, the obedience should have ceased, and its continuance can not be justified upon the representation that the practice of recording the commission and oath of office was so general as to have become a requirement. It appears, however, that W. D. LEE, whom NEEDHAM C. COLLIER succeeded as associate justice, omitted to file his commission and oath of office. Nor are such papers of R. A. REEVES, recently judge of this court, nor of A. B. FALL, at present a judge of this court, recorded in the clerk's office of this court. But, had the practice been uniform, we would not have accepted it, or the opinion of any attorney thereon, as an authority that should have prevailed with the clerk. It is true that in the meantime, between his telegram and the response thereto, he consulted with a distinguished attorney of the court, and received from him an opinion that he would be fully justified in refusing to obey the order; to discredit the order of the associate justice, and the

pronounced declaration of the presiding officer, to whom the issue was submitted. Advised that he was in error as to the prerequisite, and that no harm would come to him, his duty was plain, and his failure to obey was contempt of this court, acting through one of its members. This court will not fail, however, to attach due consideration to the answer of the clerk, declaring that his action was·not intended in disrespect of this court, or in any disregard of its authority as a whole, or of the associate justice as a part; nor will it overlook the representation of the clerk, declaring that he referred to the files of the secretary's office of the territory to enlighten himself as to the status of the official purporting to be an associate justice. Such representations properly address the deliberation of the court in the consideration of the punishment appropriate to the offense. Says BLATCHFORD, C. J. [circuit court of New York, and later associate justice of the supreme court of the United States], in Atlantic Giant Powder Co. et al. v. Detman Powder Mfg. Co.: "What these defendants did, they did not do accidentally or unintentionally, but knowing fully what they did. They were, therefore, guilty of contempt. What they did is not the less legally a contempt because they did not think they were infringing, or were advised they were not. Any question of animus can bear only the extent of punishment. 9 Fed. Rep. 366. In recognition of the wisdom of the foregoing views of the distinguished jurist, in due regard for the gravity of our responsibility, and in profound regret that the occasion has arisen, the judgment of the court is, that H. S. Clancy was guilty of contempt in refusing to issue the writ of prohibition in pursuance of the order of the associate member of this court at the time the said order was presented to him, and that he shall be imprisoned in the county jail for thirty days, and removed from the office of clerk of this court.