[No. 9761.   Department One.   January 17, 1912.]

THE STATE OF WASHINGTON, *on the Relation of Charles P. Curtiss, Respondent*, v. C. J. ERICKSON *et al., Appellants.*[1]

CONTEMPT—DISOBEDIENCE OF ORDER OF COURT—NOTICE OF ORDER. An injunction being, under Rem. & Bal. Code, § 729, binding from the time the party is informed thereof, a defendant contractor is chargeable with notice of an injunctional order from the time of oral announcement thereof in open court, and is guilty of contempt if his employees disobey the order prior to the formal entry.

SAME—REVIEW—EVIDENCE — SUFFICIENCY. A judgment for contempt in the violation of an injunction will not be disturbed on appeal unless the evidence shows beyond a doubt that the party was not guilty of contumacious conduct.

SAME—SENTENCE—AMOUNT OF FINE—STATUTES. Under Rem. & Bal. Code, § 1050, the court has no jurisdiction to assess a fine in excess of $100 for the violation of an injunctional order, where the right or remedy of the adverse party has not been prejudiced or affected.

SAME—JURISDICTION—EFFECT OF OTHER REMEDIES. The violation by defendant of an injunctional order, issued *pendente lite*, with jurisdiction, is contempt, although the court finally decides that the plaintiffs are without remedy.

Appeal from a judgment of the superior court for Thurston county, Mitchell, J., entered January 24, 1911, convicting the defendants of contempt of court, after a hearing on the merits.   Modified.

*Shank & Smith*, for appellants.

*Thomas A. Meade* (*P. C. Sullivan*, of counsel), for respondent.

CHADWICK, J.—C. J. Erickson, a general contractor, had the contract for excavating a part of the Lake Washington canal.   Carlson was a foreman who had charge of a part of the work.   On October 22, 1910, the case of *Bilger v.*

[1]Reported in 120 Pac. 104.

*State*, 63 Wash. 457, 116 Pac. 19, was pending in the superior court of Thurston county; and upon that day, the matter coming on for hearing upon the application of the plaintiffs for an order enjoining defendants from removing the embankment between the excavated portion of the canal and Lake Washington, the court, being satisfied that such removal might tend to lower the waters of the lake to the detriment and damage of the plaintiffs, announced that a restraining order would issue. On October 28, a formal order reciting the presence of the parties and the oral announcement of the court, made on October 22, that it would grant unto plaintiffs the relief prayed for, was entered. In this order we find the following:

"And it having this day been brought to the attention of the court that since the announcement of the decision of this court in this cause, and on or about four o'clock p. m. of October 26, 1910, some person or persons, by the use of dynamite or other explosive, tore the bottom of the ditch of excavation so as to lower the bottom thereof below the surface of the waters of said Lake Washington, and thereby turn the waters of said lake into the ditch or canal, and that such condition will probably result in inflicting damage upon the plaintiffs sought to be prevented by the decree in this cause, and it having been suggested to the court that such act was committed by some of the defendants other than state of Washington and county of King, their servants, agents, employees or representatives. Now, therefore," etc., etc.

Thereafter these appellants were brought before the court under a rule to show cause why they should not be punished for disobedience of the order of the court.

A review of the evidence offered in support of the case of the appellants would serve no purpose. It is enough to say that appellant Erickson disclaims all responsibility, saying that the contumacious act was done contrary to his advice and without his knowledge, and that it was done under the direction of the United States engineers who had charge of the work for the government; and appellant Carlson claims

to have acted under the direction of the same engineers and further that he had no knowledge of the court's order.

Erickson, as well as his agents and servants, was bound to take notice of the announcement made by the court on October 22; and having the work in charge, Erickson is to be held to a strict accountability, not only to keep his own conduct within bounds, but to see to it that his servants and agents did not violate any order of the court. If the rule were otherwise, it would be possible, as it may have been in this case, for the party defendant to step aside, and although seemingly protesting, make his men and means subject to the orders of a stranger to the proceeding, and thus defeat the will of the court.

We have not overlooked the contention of appellants that an order of the court is not effective until formally entered by the clerk, citing *State ex rel. Jensen v. Bell*, 34 Wash. 185, 75 Pac. 641; but that, and other cases which might be cited, all go to the time when the right of appeal or other right begins or ends, or where it is contended that the court has announced one decision and the judgment as entered by the clerk recites another. The rule has never, so far as we are informed, been entertained as a defense in a contempt case where there is no conflict or question as to the order of the court. An order of injunction is binding from the time the party is informed thereof, and not, as in the case of affirmative orders, from the time of service. Rem. & Bal. Code, § 729; 22 Cyc. 1013, 1014. If it were not so, it would be possible always to defeat the order of the court by performing the proscribed act while the formal order of the court was in process of preparation.

We are not disposed to question the order of the trial court in cases of this character, and will not do so unless the evidence is such as to convince us beyond doubt that the parties charged are not guilty of contumacious conduct, or it is plain that the law has not been violated. The court

21—66 WASH.

imposed a fine of $300 and imprisonment for sixty days upon appellant Erickson, and a fine of $100 upon appellant Carlson. This sentence is erroneous in so far as Erickson is concerned. The testimony shows that the waters of Lake Washington were not appreciably lowered by blasting out the embankment, and it does not appear that any right or remedy of Bilger and his coplaintiffs was defeated or prejudiced. Rem. & Bal. Code, § 1050. Under this section, the court had no jurisdiction to assess a fine in excess of the sum of $100.

The further point is made that, under the final decision of the *Bilger* suit (63 Wash. 457), no right of the plaintiffs in that case was interfered with, and hence the court had no jurisdiction to punish for contempt; the loss of or interference with a right or remedy is only material, or to be considered, in fixing punishment. It is enough that the court was exercising jurisdiction to hear and determine the case then before it, and defendants were guilty of "disobedience of . . . lawful order . . . of the court." The mere fact that this court held Bilger and his coplaintiffs to be without present remedy does not rob the superior court of its power to enforce its orders issued *pendente lite*, in a case where it has jurisdiction of the parties as well as of the subject-matter.

The judgment is affirmed as to the defendant Carlson, and the cause remanded with instructions to the lower court to assess a fine against Erickson not exceeding the sum of $100.

DUNBAR, C. J., GOSE, CROW, and PARKER, JJ., concur.