13 P.(2d) 557

**STATE v. DUNN et al.**

No. 3749.

Supreme Court of New Mexico.

Aug. 1, 1932.

Beutler & Fahy, of Taos, for appellants.

E. K. Neumann, Atty. Gen., and Frank H. Patton, Asst. Atty. Gen., for the State.

WATSON, J.

This is an appeal from a conviction and jail sentence for contempt of court. It will be disposed of on facts as claimed or expressly or tacitly admitted by appellants.

Appellants were proceeded against under 1929 Comp. St. § 58-206, by petition filed August 11, 1930, alleging that a certain building was being habitually used for gaming, that such use constituted a common nuisance, and that appellants were in control thereof, praying that the building and the use of it

for gaming be declared a common nuisance, and that appellants be temporarily enjoined and restrained from using it for such purposes, and that they be ordered to show cause why the nuisance should not be abated, said building closed, and its use and occupation prohibited for one year.

Upon that petition an order issued August 20, 1930, temporarily restraining appellants from the use of the building for gaming, and requiring them to appear on August 26, 1930, "to show cause why such order should not be made permanent, and said building and the use thereof declared a nuisance and the same closed for a period of one year as provided by law."

District court records show nothing further in this proceeding until July 20, 1931. On that date judgment was entered, which, though "done in open court" on that date, and without notice to appellants, was ordered filed and was filed nunc pro tunc as of August 26, 1930.

By this judgment appellants are found guilty of maintaining a common nuisance, enjoined from operating any game of chance in the building, and the building is ordered closed for a period of one year unless a $500 bond be given conditioned that no gambling will be conducted in the building.

This judgment recites, no doubt upon the recollection of the judge, that "said defendants were personally in court with their said attorneys at the time that the court announced and rendered the foregoing judgment, and announced his decision that the allegations of the petition herein had been proven as true;

that injunction would issue restraining the use of said building for gambling purposes, * * * that no formal written judgment has been filed herein due to no fault of the plaintiff but through the fault of the clerk of this court, and that said judgment should have been filed on the 26th day of August, 1930 * * *."

On June 20, 1931, the day on which the judgment was finally formulated, there was filed an "affidavit and petition for order to show cause," signed by the district attorney and sworn to by the sheriff, in which the court was informed that "heretofore this court issued its judgment * * * which provided * * * that said defendants are guilty of maintaining a common nuisance in said building, and they and each of them are hereby restrained, enjoined, and prohibited from operating any game or games of chance in said building in violation of the laws of the State of New Mexico, and it is further ordered, adjudged and decreed that said building be closed for a period of one year unless said defendants shall give a bond in the sum of $500.00 conditioned that no gambling shall be conducted in said building * * *. That on the 18th day of July, 1931, the defendants * * * were in possession and control of said building and had the same open and were playing, operating and conducting therein certain games of chance for money, to-wit: craps, chuck a luck, roulette, black jack, slot-machines, all of which were gambling games in violation of the laws of the State of New Mexico and in violation of said judgment pre-

viously referred to herein, and which was duly issued by the court in said cause."

Upon this information citation was issued ordering appellants to show cause on July 27, 1931. On the return day defendants appeared and moved to vacate the judgment referred to in the information. They also moved to dismiss the information. Upon the overruling of those motions appellants filed an answer. After hearing, the judgment appealed from was rendered. It recites the facts as alleged in the "affidavit and petition for order to show cause," and adjudges appellants in contempt.

█ The merits of the case present little difficulty. Appellants had been temporarily restrained. After hearing, and, being present, they were pronounced guilty and a permanent injunction was ordered. The fact that the judgment and the injunction were not actually formulated, signed, entered, and served upon them is no defense. 32 C. J., Injunctions, § 841; 13 C. J., Contempt, §§ 15, 22; Territory v. Clancey, 7 N. M. 580, 37 P. 1108.

█ It is the peculiar form given the proceedings by the "affidavit and petition for order to show cause," and by the formal judgment, which give rise to difficulty.

That the guilt or innocence of the appellants may depend upon anything done by the court after the event is a proposition which we could not seriously entertain. The learned trial court of course held no such view, and the state does not here maintain it. So far as this case is concerned the question is whether appellants violated an injunction then in force; not whether their conduct was or could be subsequently made illegal.

In one view of the nunc pro tunc judgment, the court may be taken to have found that the whole judgment, as formulated on that date, had been announced and rendered on August 26, 1930. Appellants point to an admission by the court contradictory of this. He said: "* * * The case was continued from time to time, in an effort to get some of the other people in town who were also violating the law, so that we might appear, at least, to deal equally." As August 26, 1930, was the return day of the original order to show cause, the judgment cannot have been announced and rendered on that date. But it is not questioned that at some later date, prior to July 18, 1931, the court did "announce his decision that the allegations of the petition * * * had been proven as true; (and) that injunction would issue restraining the use of said building for gambling purposes."

Appellants point also to a total lack of evidence, except the judge's recital based on his recollection, that he had ever, prior to July 20, 1930, announced or fixed $500 or any other sum as the amount of the reopening bond. They offered to prove that the amount of such bond had never been previously announced or fixed, and the court denied the offer.

These matters might be of importance if appellant had been convicted of violating a closing order. But they were not. They were convicted of violating that part of the judg-

ment enjoining the use of the building for gaming.

It is urged that there could be no effective or binding judgment until the amount of the bond had been fixed. But we consider that the statute contemplates two distinct remedies; injunction of use for gaming and entire closing. The court may resort to both or either.

Admitting that no decision to close the building had been announced, we do not see why that of itself should render ineffectual an announced decision to enjoin gambling in it.

In considering the merits we have taken no account of the judgment filed nunc pro tunc. It was unnecessary and ineffectual to put appellants in contempt. It could be no more than record evidence. Yet it is the principal object of appellants' attack.

The motion to vacate that judgment has as grounds that such judgment materially varied "the original judgment * * * as rendered on the 26th day of August, A. D. 1930, or thereabouts"; that it was an attempt to amend the "original judgment" after term and without notice; and that it was not based on any competent evidence, record or parol.

The motion to dismiss, submitted orally, had as grounds that it appeared on the face of the affidavit and petition that the violation charged occurred two days before entry of the judgment, and without notice to appellants, and without opportunity to object or to produce proof.

It seems unnecessary to consider the merits of attacks upon a judgment not essential to the present conviction, and upon which it could not have been based. It will be noted, however, that appellants have tacitly admitted the fact, essential to conviction, that an "original judgment" was "rendered."

The answer is also a tacit admission. It denies that the court had, prior to July 20, 1931, ever specified the amount of a reopening bond, and denies that there is any record of any judgment or order or record evidence that appellants were in violation of any order. The tendered issue of fact is immaterial.

What we have said will suggest the possibility of a contention that the trial court's theory of violation of a judgment merely pronounced, was a variance from the prosecutor's theory of violation of the judgment "heretofore issued." No such contention was made below or is made here. If such variance be thought to have occurred, we do not think that it can be fundamental. It could easily have been remedied at the time if attention had been called to it. It cannot have been prejudicial. Appellants at once supplied the convicting fact which the state might better have pleaded; that there had been "rendered" an "original judgment."

Appellants contend that there is an insufficiency of proof that they were using the premises for gaming on July 18th, as charged. After considering the evidence we do not feel called upon to upset the judgment on this ground. The state might well have developed

the facts more fully, but we think the evidence is substantial.

■■ Appellants now challenge the jurisdiction for insufficiency of the "affidavit and petition for order to show cause." It is said, generally, to possess none of the elements essential to an affidavit. We have been unable to find any substantial defect in this respect. As an information for criminal contempt, it is said to be deficient in failing to charge a willful and intentional violation of the injunction. Use of the premises for gaming could hardly have been otherwise than voluntary, and, hence, willful in that sense. If appellants so used the premises with knowledge of the injunction, they were in contempt, though their acts may not have been intentionally disrespectful to the court or with a design to embarrass the administration of justice. State v. Keller, 36 N. M. 81, 8 P.(2d) 786. Knowledge of the injunction might well have been alleged. But, in support of the jurisdiction here challenged for the first time, we think we may properly indulge a presumption that the parties defendant to an injunction suit were aware of its outcome.

In sustaining this conviction we are not to be understood as approving or commending the loose practices here disclosed.

The judgment will be affirmed and the cause remanded for enforcement. It is so ordered.

BICKLEY, C. J., and SADLER and HUDSPETH, JJ., concur.