200 P.2d 369

**STATE ex rel. BLISS v. CASAREZ.**

No. 5112.

Supreme Court of New Mexico.

Nov. 27, 1948.

A. B. Carpenter, of Roswell, for appellant.

Atwood, Malone & Campbell, of Roswell, and C. C. McCulloh, Atty. Gen., for appellee.

COMPTON, Justice.

This joint appeal is from a judgment enjoining the misapplication of the waters of the Roswell-Artesian basin and from a judgment in contempt.

Appellant is the owner of irrigable lands within the basin, part of which has water rights for irrigation from a shallow water basin and a part has water rights from the artesian basin.

On July 1, 1947 appellee filed a second amended complaint charging appellant with the misapplication of the waters of the basin for the crop years 1946 and 1947 by applying water from the shallow water basin upon lands having no water rights therein, and by applying water from the artesian basin upon lands having no water rights therein, and by applying the comingled waters of the basin upon lands having no water rights.

Appellant interposed a motion to dismiss with prejudice for failure to bring the action to a final determination within a period of two years after the filing of the complaint. The complaint was filed May 4, 1945, followed by a first amended complaint May 15, 1945, upon which issue was joined. Upon consideration of the motion, an order was entered dismissing the action with prejudice as to the matters alleged, but *without prejudice* as to matters occurring subsequent to May 15, 1945, the date of the filing of the first amended complaint. It does not appear that appellant objected to the order of dismissal.

On July 22, 1947, appellee instituted this proceeding by which he again seeks to enjoin the misapplication of the waters, asserting facts occurring subsequent to May 15, 1945, the date of the filing of the first amended complaint. Issue is joined by answer and plea in bar.

It is first contended that the court committed error when it dismissed the second amended complaint without prejudice and citing Sec. 19-101(41) (e), N.M.Stat. 1941 Comp. as supporting this contention. We may conclude that the trial court erred, nevertheless, the error, if any, was not cor-

rected on appeal from that judgment and failing to do so the same became final. Sec. 19-201(5) (1), N.M.Stat.1941 Comp.; Freeman on Judgments, Vol. 1, Sec. 23, et seq.; Fullen v. Fullen, 21 N.M. 212, 153 P. 294; Weaver v. Weaver, 16 N.M. 98, 113 P. 599. See also Am.Jur.Judgments, Sec. 583, et seq. The question not having been saved for review it cannot be raised here. State v. Nuttall, 51 N.M. 196, 181 P.2d 808.

■ It is next contended that the order of dismissal is res judicata as to the matters urged. We notice in this connection that the order of dismissal expressly reserved for future determination matters occurring subsequent to May 15, 1945. Consequently, the reservation itself became res judicata as to matters so reserved. Freeman on Judgments, Vol. 2, Sec. 704 states the rule in the following language: "If the judgment expressly provides that specified issues or matters are not determined or are reserved for future adjudication or litigation, it is not res judicata as to matters thus excluded. .* * * In such cases the express reservation itself becomes res judicta, and this is true even though the judgment or decree purports to be on the merits and the reservation is erroneous and though *in effect it splits an indivisible cause of action and permits a second action upon the same cause of action.*" (Emphasis ours.)

The rule is followed generally. Powell Bros. Truck Lines, Inc., v. State, 177 Okl. 568, 61 P.2d 231; Hardin v. Hardin, 26 S.D. 601, 129 N.W. 108; Bodkin v. Arnold, 45 W.Va. 90, 30 S.E. 154.

In Powell Brothers Truck Lines, Inc., v. State, supra, [177 Okl. 568, 61 P.2d 233] the court said:

"In support of the judgment of the trial court, the defendant in error herein calls our attention to the frequently repeated rule with reference to a plea of res judicata that 'a former judgment of a court of competent jurisdiction in a case between the same parties involving the same subject-matter is final and conclusive, not only as to all matters litigated in the former case, but as to every matter which might have been pleaded or given in evidence whether the same was pleaded or not.' (Citing cases.)

"The rule as stated is generally applicable when the former decision is upon the merits of the controversy. The rule, however, is not without its limitations and restrictions. Thus in the case of Billy, et al, v. Le Flore County Gas & Electric Co., 146 Okl. 227, 293 P. 1009, 1010, we announced the following restriction of the limitations upon the rule in the fourth paragraph of the syllabus: ' "A judgment or decree which expressly excepts or reserves from its operation specified rights or claims of the parties in suit, or the decision of questions in issue, *or the right to take further proceedings in respect to certain matters, is not a bar* to a subsequent action on the matters so

reserved; but, on the contrary, the reservation itself becomes res judicata and prevents the raising of any question as to the right to bring or maintain such subsequent suit." 34 C.J. 797.' " (Emphasis ours.)

 It is next contended that the restraining order, unsupported by substantial evidence, was erroneously issued. There is evidence that appellant illegally used the waters for more than two years and was continuing to do so. He permitted the ditches and laterals leading from the wells to the lands irrigated by him to remain intact. This evidence is sufficient. It is true that appellant denied that he intended to continue the use of the waters. But the court is not bound to accept such denial. It is to be considered with other facts and circumstances. At 32 C.J. Injunctions, Sec. 23, 43 C.J.S., Injunctions, § 21(b), the rule is stated: "However, the mere fact that defendant denies his intention to do the threatened act is not sufficient ground for denying the injunction, as the court is not bound to accept such denial; but the denial should be accepted and an injunction refused where the evidence satisfies the court that the denial is truthful, and it has been held that this requirement is satisfied where there is no evidence to disprove the denial."

We are in accord with the above rule. That the trial court correctly resolved the question becomes obvious when viewed in the light of subsequent events.

 We now turn to a consideration of the last question. At the conclusion of the trial, the parties being present, the court announced in open court that an injunction would issue and become effective immediately. The judgment was not formulated, signed and entered until October 10, 1947. In the meantime, appellant committed the acts complained of. He now strongly contends that the judgment, not having been entered as provided by Sec. 19-101(58), N.M.Stat.1941 Comp., its violation is not contemptuous. This contention is without merit. Sec. 19-101(58), supra, being our Rule 58 of the Rules of Civil Procedure, go to the time when certain rights begin and end. The rule, so far as we know, is never entertained as a defense in a contempt case. At Vol. 2, Sec. 1421, High on Injunctions, the rule is stated in the following language: "In considering the question of a defendant's liability for a breach of injunction, it is to be borne in mind that the injunction becomes operative from the time of the order being made, and not from the date of the writ itself, or from the time of its being drawn up. The mandate of the court being effectual upon all parties having notice thereof from the time it is given, to fix defendant's liability for a violation it is only necessary to show that he was actually apprised of the existence of the order at the time of committing the acts constituting the violation. Thus, where an injunction is granted to restrain the com-

mission of waste, and before the writ actually issues, or the order is drawn up, defendant is notified of the order, and its purport and effect are verbally explained to him, the cutting of timber after such notice constitutes a breach of the injunction."

Territory v. Clancy, 7 N.M. ·580, 37 P. 1108; State v. Dunn, 36 N.M. 258, 13 P.2d 557; Lake Shore & M. S. Ry. Co. v. Taylor, 134 Ill. 603, 25 N.E. 588; State v. Erickson, 66 Wash. 639, 120 P. 104.

We conclude that the order of injunction when announced fixed liability and appellant, having notice, was bound by it. Other contentions have been noticed and considered and are found without merit.

The judgment will be affirmed, and it is so ordered.

BRICE C. J., and LUJAN, SADLER and McGHEE, JJ., concur.