Matthias, J.
The real question of law in this case, presented by the record, is the validity of the decision of the Court of Common Pleas that the order of injunction, alleged to have been violated by Stott, did not, and could not, become operative so as to control or affect his conduct until the filing of the journal entry in the office of the clerk qf courts, which was Octo *397 ber 1, 1946; and that on September 30, 1946, the date of the alleged commission of the wrongful act charged in the original motion for an order in contempt, there existed no valid or effective order of injunction.
That view very clearly appears in the opinion of the Court of Common Pleas, a portion of which follows:
“We appreciate that superficial review of the principles stated will invite ttíeir being characterized as technical, and yet we are satisfied that upon closer-study and analysis they will be found to possess absolute substance and in a proceeding, as extraordinary in. character as a contempt proceeding, it being certainly quasi criminal in nature; binding in their application. By no stretch of the imagination, however,, should it be assumed that the court is approving or commending the act or conduct of the respondent in performing the act which he performed on September 30, 1946, or is that act any the less grievous simply because by the application of proper principles, lie escapes punishment for contempt. The proven performance of such act by respondent at any time subsequent to the time of filing of the entry on October 1, 1946, would most positively call for drastic action upon the part of the court.
“For the foregoing reasons, the motion tendered by respondent to dismiss the motion to show cause, filed in this proceeding on October 25, 1946, will be sustained. ’ ’
The question of law involved may be succinctly stated as follows:
May an injunctive order of the court, orally made in the presence of a defendant and with his consent and thereafter reduced to writing and filed with the clerk of courts as a nunc pro tunc order as of the. date orally made be the basis of proceeding in contempt, where the violation occurs subsequently to the time the order was actually pronounced but prior to the *398 filing of the entry thereof in the office of the clerk of courts?
The decision of the court was based on the well established rule that the court speaks through its journal and a judgment is not rendered until it is reduced to a journal entry. Industrial Commission v. Musselli, 102 Ohio St., 10, 130 N. E., 32; Amazon Rubber Co. v. Morewood Realty Holding Co., 109 Ohio St., 291, 142 N. E., 363; State, ex rel. Curran, v. Brookes, 142 Ohio St., 107, 50 N. E. (2d), 995; Hower Corp. v. Vance, 144 Ohio St., 443, 59 N. E. (2d), 377.
The conclusion of the court was that by such rule the entry of its judgment ñunc pro tunc was precluded, and that the order of the court was not effective for •any purpose or against anyone prior to the date the written order was filed in the office of the clerk of courts.
“A- judgment entered nunc pro tunc may be given effect from different dates for different purposes. For some purposes, the judgment may be given effect from the actual date of its nunc pro tunc entry. Generally, however, a nunc pro tunc entry of judgment, or a nunc pro tunc correction of the records of a judgment, is given a retrospective operation as between the parties thereto * * *.” 30 American Jurisprudence, 886, Section 123.
However, ‘ ‘ The right of a court to enter a judgment nunc pro tunc is available in furtherance of justice only, and it is not available where it would operate to deprive a party of a substantial right, such as the right to file a motion for a new trial, or to prosecute a proceeding on appeal, or in error.” 23 Ohio Jurisprudence, 680, Section 260.
See, also, Charles v. Fawley, 71 Ohio St., 50, 72 N. E., 294; Eldridge & Higgins Co. v. Barrere, 74 Ohio St., 389, 78 N. E., 516; Webb v. Western Reserve Bond & Share Co., 115 Ohio St., 247, 48 A. L. R., 1176, 153 *399 N. E., 289; and Porter, Exr., v. Lerch, 129 Ohio St., 47, 193 N. E., 766.
It is stated in the fifth paragraph of the syllabus in the Lerch case that “the right of a court to enter judgment nunc pro tunc is available in furtherance of justice only, and such judgment is not effective as of the date to which it relates back if that would deny the right of review to any proper party in a higher court. To preserve such right of review the date upon which such judgment is actually filed will control.”
In the Webb case, supra, this court considered the effect of a nunc pro tunc entry on existing creditors-who had knowledge of the error in the judgment and attempted to exercise their liens after the motion for a nunc pro tunc order had been filed and prior to the-hearing thereon. It was there held that such preexisting creditors did not obtain priority as against the plaintiff’s judgment lien and were bound to take-cognizance of the original judgment. The instant case comes clearly within the rule announced in the Webb case.
Stott was actually in court and was not only apprised of the order of the court but consented thereto. It was after such order was made and with full knowledge thereof that he violated it. He cannot be brought within the class of innocent third persons absolved from the effect of such nunc pro tunc entries.
He comes within the rule, well established and of long standing, that one who has actual notice of an order of injunction and disobeys it is guilty of a contempt although the injunction has not been served upon him or issued, or the order formally drawn up. Dangel on Contempt, 121; 43 Corpus Juris Secundum, 1010, Section 261. The mandate- of the court being-effectual upon all parties having notice thereof from the time it was given, it is necessary to fix defendant’s liability for a violation, to show only that he was ac *400 tually apprised of the existence of the order at the time of committing the acts constituting the violation. High on Injunctions (4 Ed.), 1430; 12 American Jurisprudence,'405, Section 24, and cases cited.
So a party is bound to abstain from violating an injunctional order directed to himself, if he has actual knowledge thereof, although it is not served or is defectively served on him, and he will be liable for its violation. Joyce on Injunctions, 394.
The rule stated has been applied in numerous cases, .among which are the following dealing with particularly pertinent situations:
In State, ex rel. Curtiss, v. Erickson, 66 Wash., 639, 120 P., 104, the following facts appear: On October :22, the court announced the granting of a restraining ■order. On October 28, a formal order reciting the presence of the parties and the oral announcement of the court, made on October 22, was entered. On October 26, after the oral order but before the entry thereof, the defendant violated the restraining order. The ■finding and judgment against the defendant was approved by the Supreme Court of Washington.
It is stated in the opinion :
“We have not overlooked the contention of appellants that an order of the court is not effective until formally entered by the clerk, citing State, ex rel. Jensen, v. Bell, 34 Wash., 185, 75 P., 641; but that, and other cases which might be cited, all go to the time when the right of appeal or other right begins or ends, or where it is contended that the court has announced one decision and the judgment as entered by the clerk recites another. The rule has never, so far as we are informed, been entertained as a defense in a contempt case where there is no conflict or question as to the order of the court. An order of injunction is binding from the time the party is informed thereof, and not, .as in the case of affirmative orders, from the time of *401 service. Rem. & Bal. Code, §729; 22 Cyc., 1013, 1014. If it were not so, it would be possible always to defeat the order of the court by performing the proscribed act while the formal order of the court was in process of preparation.”
The case of State v. Dunn, 36 N. M., 258, 13 P. (2d), 557, also presented a situation where the parties against whom an order of injunction was granted were present personally in court at the time the oral decision was announced and order of injunction made. The violation occurred before the judgment and injunction were “actually formulated, signed, entered, and served upon them.” A conviction of contempt was upheld by the Supreme Court of New Mexico.
We conclude, therefore, that the Court of Common Pleas was in error in holding that there was no valid injunction in force and effect on September 30, 1946, the date of the offense involved in the first motion for an order for contempt.
We find no prejudicial error in the finding and order of the Court of Common Pleas respecting the supplemental motion for an order of contempt, and, therefore, the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas is in that respect affirmed.
■For the reasons stated, the judgment of the Court of Appeals affirming the judgment of the Court of Common Pleas as to the original motion for an order of contempt is reversed, and the cause is remanded to the Court of Common Pleas for further proceeding in accordance with the foregoing opinion.

Judgment affirmed in part and reversed in part.

Weygandt, C. J., Hart, Zimmerman, Sohngen and Stewart, JJ., concur.
Turner, J., not participating.