349 P.2d 547

In the Matter of the GUARDIANSHIP of
the Person and Estate of Frank
HOWARD, a Minor.

Juan GARCIA, Appellee,

v.

Cecelia GARCIA, Appellant.

No. 6549.

Supreme Court of New Mexico.

Feb. 19, 1960.

Kool, Krannawitter & Kool, Albuquerque, for appellant.

Mabry & Mabry, Albuquerque, for appellees.

COMPTON, Justice.

Frank Howard, a minor of the age of 13 years, while under guardianship of the appellant, his aunt, appointed appellee, brother of appellant, to be his guardian. The applicable statute reads:

"Any minor more than ten (10) years of age, whose person is under the guardianship of any person not the mother or father, and preferring some other person as guardian of such minor person, may appoint such person to be guardian, and submit the appointment to the judge of probate of his or her county, whose duty it shall be, immediately to proceed to ascertain whether the person appointed by such minor is not a person of bad rep-

utation, in which case he shall approve the appointment." 1953 Comp. § 32–1–41.

On removal of the cause to the district court, appellee submitted the appointment to the district court, together with his petition, that he be so appointed. In his petition it is alleged that appellee was in all respects a proper person to be appointed guardian of the minor and his estate.

In her response, appellant took issue and alleged that appellee was a person of bad reputation and not a fit and proper person to have the custody of the minor or his estate, and that she was a fit and proper person to continue as his guardian.

The trial court found that appellee was not a person of bad reputation; that the minor since infancy had first lived with appellant's mother until her death, afterwards with appellant and her sister, both of whom were unmarried; that the minor had attained the age where he should have male companionship and guidance; and, that it was for the best interest of the minor that his custody be awarded to appellee.

The court went on to find that both appellee and appellant were fit and proper persons to be guardians of the minor. An order was entered appointing appellee guardian of the minor; however, the guardianship of his estate was left with appellant. The ruling of the court is brought here by appellant for a review of alleged errors.

It is contended that the court abused its discretion in awarding the minor to appellee. The basis of this contention stems principally from the fact that both appellee and his wife had a long history of drinking alcoholic liquor to excess. While the evidence supports this contention, conditions had changed in this respect. The history of their drinking covers a period beginning in 1948 and continuing intermittently until June, 1957. There is substantial evidence supporting the finding of the court that both had reformed and no longer used intoxicating liquor to excess. To satisfy itself that there would be no recurrence, the court stated "they will in the future be deprived of such custody should either of them again personally consume alcoholic liquors." At this point, it would not be amiss to say that the order awarding custody is subject to modification upon a proper showing of changed circumstances and conditions affecting the welfare of the minor. Bassett v. Bassett, 56 N.M. 739, 250 P.2d 487.

In custody matters, the trial court is given a very wide latitude in the exercise of its discretion. Bassett v. Bassett, supra. We have many times said, beginning with Bustamento v. Analla, 1 N. M. 255, and we repeat, that the welfare of the minor is the paramount considera-

tion in deciding custody cases. In re Helms' Adoption, 59 N.M. 177, 281 P.2d 140. On the record, we cannot say the trial court abused its discretion.

■■ Further, as we construe the statute in question, it is the duty of the court to appoint the person selected by a minor if he is competent and suitable; but this is not to say that the court may not disapprove of the selection if, in the judgment of the court, the person so appointed is not a proper one. See 39 C.J.S. Guardian and Ward § 14, and cases cited. In this instance, the court having concluded that appellee was in all respects qualified to act as guardian, the statute is controlling.

■ Appellee, formerly a resident of Socorro County, had been living in Albuquerque for some 7 or 8 years immediately prior to the time of the trial. His general reputation was an issue. He called 3 character witnesses, residents of Socorro County, who had known him for approximately 25 years in Socorro County prior to his moving to Albuquerque. They were permitted, over objection, to testify as to his good reputation, confining their testimony to the time he had lived in Socorro County. It is argued that the time was too remote and that the court erred in admitting their testimony. We fail to see the claimed error. While evidence of general reputation should be confined to time not too remote, the evidence was admissible in this instance because appellee's reputation, not only while he had lived in Albuquerque but during the time he had lived in Socorro County as well, was put in issue by appellant.

■ At this point the court makes the observation that a consideration of the case has been hampered by the fact that without objection of the parties the court, at the close of the hearing, indicated it would make an independent investigation before announcing a decision, and there is no record as to what was there determined, if anything. This extra legal type of procedure is not to be commended, and as a matter of fact may under certain circumstances result in reversal, or at least remand so that a record thereof could be made. Under the circumstances of this case we do not perceive how to do either of these things would alter the result, and accordingly we are only mentioning it as a caution to both bench and bar that if a review in this court is to be had, the record must be complete.

The judgment being free of error, it should be affirmed.

It is so ordered.

McGHEE, C. J., CARMODY and MOISE, JJ., and ZINN, District Judge, concur.