617 P.2d 1313

In the Matter of the Guardianships of Victoria S. HOOKER and Trinidad C. Hooker, Minors.

Rayman Lewis HOOKER,
Plaintiff–Appellee,

v.

Juan R. LUCERO, Guardian of Victoria S. Hooker and Trinidad C. Hooker, minors, Defendant–Appellant.

No. 12749.

Supreme Court of New Mexico.

Oct. 22, 1980.

Coors, Singer & Stratton, Robert N. Singer, Albuquerque, for defendant–appellant.

No appearance for appellee.

## OPINION

PAYNE, Justice.

The district court held the appellant, Juan R. Lucero, in contempt for failing to comply with its order transferring temporary custody of two minor children. The appellant, the children's maternal uncle, was made the guardian of the children by the New Mexico court upon the death of their mother. He lived in Georgia and removed the children to that state. The father, who was divorced from the mother, consented to the guardianship with the condition that he be granted reasonable visitation rights. The father, after making two trips to Georgia to see his children, alleged that he was denied adequate visitation and petitioned the court for relief. The court ordered the appellant to show cause why he had not granted visitation. This order was personally served on appellant, but he failed to appear and was found in contempt of court. The court assessed a thirty–day jail term and ordered the appellant to pay the father's travel and legal expenses in the amount of $701.00. The court later vacated the jail term, but affirmed the legal and travel expenses and added an additional $500.00 for subsequent legal expenses incurred by the father. The court also placed temporary custody of the children in the father. We affirm in part and reverse in part.

Three issues are raised by this appeal: (1) did the guardian fail to grant reasonable visitation; (2) can this failure be punished by the court's contempt powers, and (3) was there proper jurisdiction in the district court to grant temporary custody.

### I.

There is sufficient evidence to support the trial court's finding that the appellant failed to grant reasonable visitation as called for by the guardianship decree. This failure is demonstrated by his actions during the father's first visit with the children in Georgia. The appellant engaged in a heated argument with the father and refused to allow the father to enter his home or to be alone with the children. He also refused several requests by the father and the father's attorney to make arrangements for the children to spend part of the summer vacation with the father. In addition, prior to the father's second trip to Georgia the appellant had moved to Texas without informing the father. Although some conflicting evidence was presented, it is the well–established rule of this Court that it will not reverse a district court finding supported by substantial evidence, notwithstanding evidence to the contrary. *Fox v. Doak*, 78 N.M. 743, 438 P.2d 153 (1968).

### II.

Contempt powers of a court should be used sparingly. *Corliss v. Corliss*, 89 N.M. 235, 549 P.2d 1070 (1976). However, the trial court properly exercised its contempt powers here after an unsuccessful attempt to compel the presence of the appellant at the hearing to show cause. The elements necessary for a finding of civil contempt are: (1) knowledge of the court's order, and (2) an ability to comply. *Daniel-*

son v. United Seafood Wkrs. Smoked F. & C. U., 405 F.Supp. 396 (S.D.N.Y. 1975); Nelson v. Nelson, 82 N.M. 324, 481 P.2d 403 (1971); State v. Casarez, 52 N.M. 406, 200 P.2d 369 (1948). Here the court's order that the appellant should appear on July 20 and show cause why he should not be held in contempt was personally served upon him. Thus he had knowledge of the court's order. The appellant had opportunity to comply with the order or notify the court. While the appellant's military service made it difficult to appear at the hearing, he could have and should have notified the court of this impediment. There is sufficient evidence to support the conclusion that the appellant did not do everything he could have to appear or give notice of his inability to do so. Finally, after being found in contempt the appellant could have purged himself of the contempt by simply transferring custody of the children. He need not have come to New Mexico to accomplish this. The father went to Texas prior to any Texas hearing and the guardian could have transferred custody then; he chose not to do so. The ability to comply with the order to show cause and the ability to purge the contempt was present.

 The general rule is that a court has power to award damages and attorney's fees to a party aggrieved by a contempt. The recovery is limited, however, to the actual loss plus the costs and expenses, including counsel fees, incurred in investigating and prosecuting the contempt. Backo v. Local 281, United Bro. of Carpenters & Joiners, 308 F.Supp. 172 (N.D.N.Y. 1969), aff'd, 438 F.2d 176 (2nd Cir. 1970), cert. denied, 404 U.S. 858, 92 S.Ct. 110, 30 L.Ed.2d 99 (1971). This general rule is in accord with our rule as stated in Royal Intern. Optical v. Texas State Optical, 92 N.M. 237, 586 P.2d 318 (Ct.App. 1978), cert. denied, 92 N.M. 260, 586 P.2d 1089 (1978), cert. denied, 442 U.S. 930, 99 S.Ct. 2860, 61 L.Ed.2d 297 (1979). We hold that the punishment for civil contempt in this case should be remedial and designed to reimburse the father for the wrong done as a result of appellant's noncompliance with the court order. We affirm the trial court's award of $875.00 to the father as reimbursement for legal fees. We reverse as to $326.00 awarded to the father as reimbursement for travel expenses incurred on his June trip to Georgia. The evidence did not sufficiently demonstrate that the appellant had any notice or knowledge of the father's second trip prior to the appellant's move to Texas. It is inequitable to hold the appellant liable for these costs when he could have done nothing to prevent them.

### III.

 The final issue is whether the trial court had jurisdiction to grant temporary custody to the father. The three bases for jurisdiction in a custody suit are: (1) the child must be domiciled in the state; (2) the child must be physically present in the state, or (3) the parties disputing custody must all be personally subject to the jurisdiction of the court. See Worland v. Worland, 89 N.M. 291, 551 P.2d 981 (1976). However, the case before us is not an ordinary custody proceeding, but a guardianship proceeding. Section 45–5–211, N.M. S.A. 1978, provides that the court which appoints the guardian has concurrent jurisdiction with the court wherein the ward resides. Therefore, the New Mexico court which appointed the guardian has concurrent jurisdiction with the Texas court, where the child resides. New Mexico's jurisdiction is further supported by Section 45–5–305, N.M.S.A. 1978, which states: "By accepting a testamentary or court appointment as guardian, a guardian submits personally to the jurisdiction of the court at any proceeding relating to the guardianship that may be instituted by any interested person." While this section deals specifically with guardians of incapacitated persons it applies equally to guardians of wards who are legally incapacitated by their minority. The New Mexico order granting temporary custody to the father was issued prior to the Texas hearing. The temporary custody granted by the court was a valid order and should have been recognized by the Texas court under the full faith and credit clause of the United States Constitution.

The trial record does not present sufficient facts from which a determination of whether a substantial change in circumstances has occurred so as to warrant a permanent change of custody. *See In Re Guardianship of Howard*, 66 N.M. 445, 349 P.2d 547 (1960). Therefore, we leave the issue of permanent custody to the trial court. Until such determination is made the trial court's order placing temporary custody in the father shall remain in force.

IT IS SO ORDERED.

FEDERICI, J., and LORENZO F. GARCIA, District Judge, concur.