This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IN THE MATTER OF THE ESTATE OF**
**RISDON F. MITCHELL, Deceased,**

and concerning

**DUANE K. CARR,**

     Real party-in-interest/Appellant,

v.                                                                                          **NO. 29,703**

**JOBY WALLACE and LAWRENCE MITCHELL,**
**CO-REPRESENTATIVES OF THE ESTATE OF**
**RISDON F. MITCHELL and ANNIE PEARL**
**MITCHELL and RISDON F. MITCHELL TRUST,**

     Real parties-in-interest/Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**ALAN M. MALOTT, District Judge**

Duane K. Carr
Albuquerque, NM

Pro Se Appellant

Hurley, Toevs, Styles, Hamblin & Panter, P.A.
Randolph L. Hamblin
Albuquerque, NM

for Appellees

# MEMORANDUM OPINION

**VIGIL, Judge.**

The district court issued a bench warrant to arrest Ms. Carr in connection with civil contempt proceedings, with a $20,000 cash only bond. The contempt proceedings involved Ms. Carr's actions in connection with the probate proceedings of her father's estate. Upon Ms. Carr's arrest, her husband, Mr. Carr, posted a $20,000 cash only bond. At a subsequent hearing, Mr. Carr sought to have the cash returned to him. Instead, the district court found Ms. Carr in civil contempt and ordered the $20,000 cash bond be paid to the estate to satisfy outstanding judgments against Ms. Carr in favor of the co-personal representatives in the amount of $11,246.61, with the remainder as a sanction for payment of attorney fees and administrative costs incurred by the estate as a result of her violations of orders of the district court and her demonstrated contemptuous conduct towards the district court in refusing to comply with its orders. Mr. Carr appeals, and we affirm.

**BACKGROUND**

Joby Wallace and Lawrence Mitchell filed an informal probate proceeding in the district court as co-personal representatives of the estate of their father. Their sister, Ms. Carr, had obtained a general power of attorney from their father shortly before his death. The district court told Ms. Carr that with her father's death, the

3

power of attorney was suspended. Nevertheless, Ms. Carr executed deeds conveying parcels of her father's real property to herself and withdrew substantially all of the money from a bank account belonging to her father. After she engaged in additional acts detrimental to the orderly administration of the estate, the district court found Ms. Carr in contempt of court and, on September 11, 2006, granted judgment against Ms. Carr in favor of the estate in the amount of $11,246.61 for damages for her contemptuous behavior caused to the estate. Subsequently, the co-personal representatives filed an emergency motion for an order to show cause and for sanctions against Ms. Carr, alleging that she flagrantly violated the district court orders by wrongfully removing tangible personal property from her father's residence and that she was claiming ownership of the property and residence.

Ms. Carr did not appear at the hearing on the motion, which was held on November 1, 2006. Nevertheless, the district court ordered that an outstanding bench warrant to arrest Ms. Carr for other violations of its orders would be cancelled if Ms. Carr complied with the orders. In addition, the district court ordered Ms. Carr to return the personal property taken from her father's estate, deed the real property that she had improperly deeded to herself back to the estate, and to return the funds wrongfully taken by her from her father's bank account. Finally, the district court issued an order for Ms. Carr to show cause at a hearing to be held on November 6,

4

2006, why she should not be held in contempt of court.

Ms. Carr failed to comply with this latest order of the district court, and she also failed to appear at the hearing on November 6, 2006. In addition, the co-personal representatives filed another motion for an order to show cause against Ms. Carr. According to this motion, Ms. Carr had not taken any steps to comply with the terms of the first order, and the co-personal representatives were unable to administer the estate due to Ms. Carr's threats of violence. On November 14, 2006, the district court entered an order commanding Ms. Carr to appear on November 22, 2006, to show cause why she should not be found in contempt and incarcerated or sanctioned for continuously and flagrantly violating the prior orders of the court. Ms. Carr did not appear. The district court therefore issued a bench warrant for contempt of court and for "claiming ownership or entitlement to estate assets and creating potential for violent confrontation by her violation of previous Court Orders." The bond provided in the bench warrant was set for $20,000 in full and cash only. Ms. Carr was arrested, and Mr. Carr secured her release by posting the $20,000 bond.

After notice and hearing at which Mr. and Mrs. Carr were present, the district court ordered the $20,000 cash bond forfeited to the estate because of Ms. Carr's failure to comply with the express conditions for cancelling the first bench warrant, failure to comply with numerous prior orders, and failure to purge herself of contempt

of court. The bond was first applied to the previously entered judgment against Ms. Carr, and the remainder as a sanction for payment of attorney fees and costs incurred by the estate as a result of her contemptuous actions. Mr. Carr appeals.

**DISCUSSION**

Mr. Carr does not argue that a cash only bond cannot be used to satisfy outstanding judgments and to enforce civil contempt, rather his argument on appeal appears to be that since an order setting conditions of release was not entered, Ms. Carr had no conditions to comply with. Therefore, he asserts, the district court had no authority to forfeit the cash, and the $20,000 should have been returned to him. This argument, that the district court lacked authority to forfeit the cash bond to the estate, presents a question of law, which we review de novo. *See Sowder v. Sowder*, 1999-NMCA-058, ¶ 7, 127 N.M. 114, 977 P.2d 1034 (stating that we review legal questions de novo).

We conclude that the contempt at issue is civil contempt. Thus, the district court had authority to forfeit the cash as compensation for damages caused by the contempt and as a sanction for noncompliance with the orders of the court. *See Rhinehart v. Nowlin*, 111 N.M. 319, 326, 805 P.2d 88, 95 (Ct. App. 1990) (stating that an order of contempt is civil when it is remedial in nature and the sanctions imposed are paid to the aggrieved party). Sanctions for civil contempt may include both

incarceration to coerce compliance with court orders and damages, including attorney fees and costs, payable to the aggrieved party to compensate for harm done by the person held in contempt. *See Hall v. Hall*, 114 N.M. 378, 386, 838 P.2d 995, 1003 (Ct. App. 1992) ("Jail time and fines may be imposed for civil contempt if their purpose is to coerce compliance with court orders."); *Niemyjski v. Niemyjski*, 98 N.M. 176, 177, 646 P.2d 1240, 1241 (1982) (same); *Rhinehart*, 111 N.M. at 326, 805 P.2d at 95 (stating that courts have the power to impose sanctions for civil contempt by way of compensating the aggrieved party and may award that party its attorney fees and costs); *In re Hooker*, 94 N.M. 798, 800, 617 P.2d 1313, 1315 (1980) (stating that courts may award damages to reimburse an aggrieved party for the wrong done as a result of another party's noncompliance with a court order, which may include attorney fees and costs incurred in investigating and prosecuting the contempt).

Finally, to the extent Mr. Carr relies on criminal rules and forms, they are not applicable to this case. *See Rhinehart*, 111 N.M. at 326, 805 P.2d at 95 (stating that when a sanction is purely compensatory, the party in contempt is not entitled to the procedural safeguards essential to criminal contempt proceedings).

**CONCLUSION**

For the foregoing reasons, we affirm.

7

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Chief Judge**

_____

**TIMOTHY L. GARCIA, Judge**