[No. 3499. Dec. 13, 1930.]

THOMAS et al. v. JOHNS.

[294 Pac. 327.]

A. M. Edwards, of Santa Fe, for appellants.

L. S. Wilson, of Raton, for appellee.

## OPINION OF THE COURT

CATRON, J.

John Leonard, as receiver of the estate of Maggie Thomas Boyd, an incompetent and insane person, brought suit against David J. Thomas, Edith M. Thomas, his wife, and John W. Cooper, his father-in-law. The suit had for its object the setting aside of two quitclaim deeds conveying all of the right, title, and interest of David J. Thomas in the devises contained in the will of his father, John W. Thomas, deceased, one by David J. Thomas to John W. Cooper, and the other by John W. Cooper to Edith M. Thomas, wife of David J. Thomas. The grounds alleged are that said deeds were fraudulent conveyances and made for the purpose of defrauding Maggie Thomas Boyd and others, and preventing them, as heirs and devisees of John W. Thomas, deceased, from satisfying their claims, as such heirs and devisees, against the said David J. Thomas, one of the executors of the estate of John W. Thomas, deceased, who had handled the estate and collected large sums of money and failed to account for or distribute the same in accordance with the terms of the will of John W. Thomas, deceased.

In this suit defendants Thomas were adjudged in default, and apparently a default judgment was entered against them. From this judgment no appeal seems to have been taken. However, Willis O. Johns, a grandson, heir, and devisee of John W. Thomas, deceased, by leave of the court, filed his petition in intervention wherein he sought, in his own behalf, practically the same relief against the defendants as was sought by plaintiff in the complaint. To this intervention David J. Thomas and Edith M. Thomas made answer admitting certain of the allegations and denying others.

Plaintiff also filed an answer to the intervention, which, however, is immaterial to a consideration of this appeal.

Upon the issues joined trial was had, and at the conclusion thereof, after due notice and opportunity given to all parties to present requested findings, the court made findings of fact and conclusions of law, and entered a final

decree in favor of Willis O. Johns and against the defendants Thomas, setting aside and vacating the quitclaim deeds on the grounds of fraud and total lack of consideration, and ordering and directing that the properties described therein be subjected to the satisfaction of a judgment of Willis O. Johns against David J. Thomas.

The defendants Thomas, although properly notified and given ample opportunity, made no requested findings, nor did they object to the findings of fact, conclusions of law, and decree made and entered by the trial court.

From this decree appellants David J. Thomas and Edith M. Thomas have appealed, and present several points as grounds for reversal. None of such questions, however, were ever presented to the trial court, nor was a ruling or decision of the trial court ever invoked thereon.

In a long line of decisions this court has repeatedly held that questions, points, issues, and matters which are not jurisdictional, not raised, presented, or passed upon below, are not reviewable on appeal; also that findings of fact and conclusions of law of the trial court will not be reviewed on appeal unless specific exceptions and objections are made thereto, calling the attention of the trial court to the error inherent therein, so that the court may rule intelligently upon the questions presented. A few of the cases are: Park v. Milligan, 27 N. M. 96-99, 196 P. 178-179; Moore v. Brannin, 33 N. M. 624, 274 P. 50; Santa Barbara Tie & Pole Co. v. Martinez, 34 N. M. 181, 279 P. 71; Horton v. A. T. & S. F. Ry. Co., 34 N. M. 594, 288 P. 1065; In re Pollard's Estate, 35 N. M. 33, 289 P. 597.

We are not unmindful that this court has recognized certain exceptions to the rules above set forth. For examples see: Crawford v. Dillard, 26 N. M. 295, 191 P. 513; State v. Garcia, 19 N. M. 414, 143 P. 1012; Pomerenk v. Scheck, 33 N. M. 128-131, 262 P. 226.

This court, in its Rules of Appellate Procedure, effective March 1, 1928, prescribed in Rule 12, § 1, the following:

"None but jurisdictional questions shall be first raised in the Supreme Court. Formal exceptions shall not be required in any

case; but to preserve the question for review, it must appear that a ruling or decision by the trial court was fairly invoked."

However important it might be to determine whether by the foregoing rule this court did not limit matters which may be raised for the first time on appeal to jurisdictional ones solely, yet we do not feel called upon here to decide such question, for, after careful examination of appellants' points and contentions, we are unable to find that any of their questions fall within any of the exceptions to the general rule.

Finding no error, the judgment of the trial court will be affirmed, and the cause remanded.

And it is so ordered.

PARKER and SIMMS, JJ., concur.

BICKLEY, C. J., and WATSON, J., did not participate.