126 P.2d 290

LORD v. GALLEGOS, Com'r of Bureau of Revenue, et al.

No. 4650.

Supreme Court of New Mexico.

May 20, 1942.

R. P. Fullerton and E. P. Chase, both of Sante Fe, for appellant.

Louis C. Lujan, William A. Watson, and William R. Federici, all of Santa Fe, for appellees.

BRICE, Chief Justice.

Defendants' (appellees') demurrer to plaintiff's (appellant's) complaint was sustained by the district court, and the question here is whether the complaint fails to state a cause of action against the defendants for the reasons stated in the demurrer. The alleged facts, material to a decision, are as follows:

The plaintiff resides in California and was engaged in the business of transporting new automobiles in interstate commerce from states in the East to California and other western states, as a "drive away" common carrier under a permit from the Interstate Commerce Commission. He used the roads and highways of New Mexico for the purpose of carrying on his business.

In the operation of his business, the plaintiff after March 11, 1939, transported and convoyed automobiles singly and in tandem from the manufacturers to the owners, which the owners had theretofore purchased, and upon which licenses had been paid in the state where such automobiles were purchased or owned. License plates were attached to each automobile. None of these automobiles were brought through the state of New Mexico for the purpose of selling or offering the same for sale.

The plaintiff's agents were stopped at the ports of entry of New Mexico by the defendants "and/or their servants, agents and employees," who required the plaintiff to pay $7.50 for each of such automobiles so transported by plaintiff by use of its own power, and $5 for each automobile towed or drawn by another automobile. These payments were made by plaintiff under protest. Attached to plaintiff's complaint as an exhibit is a list of the automobiles upon which license fees were charged, together with a statement of the fees charged and collected, which aggregated $3,487.50, for which plaintiff prays judgment against the defendants.

As we understand plaintiff's contention, it is that this action is not against the State or the Board of Supervisors of the State Police, but against the individual defendants who, though named as state officers, personally and through their agents and employees collected from him purported license fees not authorized by any law of the State of New Mexico. He states: "* * * your appellant respectfully points out that (1) he has not sued the State of New Mexico, and indeed (2) that it would be very odd for the Legislature to appropriate monies to pay for the misconduct of its officials. State officials are bonded, or at least most of them, for the proper conduct of their offices and for the faithful performance of their official duties, and your appellant looks to these appellees personally and to their bondsmen if any, for payment of the monies which they have so unlawfully forced from him by means of the abuse of the power of the armed State Police."

The statute under which defendants assert that plaintiff was liable to the license fees collected is Ch. 139, N.M.L.1933, as amended by Ch. 56 of N.M.L.1935, and Ch. 117, N.M.L.1939, the applicable provisions of which are as follows:

"(e) No person, firm or corporation shall use the highways of the State of New Mexico for the transportation of any motor vehicle on its own wheels for the purpose of selling or offering the same for sale to or by any agent, dealer, purchaser or prospective purchaser whether such agent, dealer, purchaser or prospective purchaser be located within or without this state, unless such motor vehicle either:

"1. Is licensed by the State of New Mexico; or

"2. Is owned by an automobile dealer, duly licensed by the State of New Mexico and is operated under a dealer's license duly issued to such dealer; or

"3. A special permit for the use of the highways of this state 'for the transportation of such vehicle, in the manner in which the same is being transported, has been first obtained and the fee therefor has been paid as hereinafter specified.

"Special permits for the use of said highways in the transportation of such vehicles shall be issued by the Commissioner of Revenue of the State of New Mexico upon application on such form as said Commissioner may prescribe and upon payment of a fee of $7.50 for each such vehicle transported by use of its own power and a fee of $5.00 for each such vehicle towed or drawn by another vehicle and not transported in whole or in part by the use of its own power. * * *"

 We find no provision of this act which authorized the State of New Mexico to levy and collect the license tax in question from appellant, assuming as we must that the allegations of fact stated in plaintiff's complaint are true.

We are advised from the briefs of both parties that collections of the license tax involved were made by the New Mexico State Police. Ch. 35, L.1937, as amended by Ch. 73, N.M.L.1939, provides for the appointment of a board of supervisors of the New Mexico State Police, consisting of the Governor, the Commissioner of Revenue, the State Highway Engineer, and two other members to be appointed by the Governor for a term of two years. The defendants are the individual members of this board, and are so designated in the complaint.

Section 2 of the act, as amended is as follows: "There is hereby created a separate and distinct division of the New Mexico State Police, to be known as the Division of Field Administration, which said division shall be under the supervision of, and administered by, the Board of Supervisors of the New Mexico State Police. Said board is invested with power to make all needful rules and regulations to secure proper and efficient enforcement of this Act and other laws of the State of New Mexico, not inconsistent with, or in derogation of, the powers, duties and responsibilities placed by existing statutes upon other departments, boards or commissions of the State government. * * * Said Board shall appoint and employ a director of said division of field administration, and such additional agents, deputies and employees as it may deem necessary to carry out ⁺he provisions of this Act."

Section 4 thereof provides: "Such agents, deputies and field administrators shall be charged with the enforcement and collection of all excise taxes and licenses or fees of every nature of all departments, commissions and other agencies of the State Government whenever so requested by such department, commission or other agency. * * All departments, boards, commissions and other agencies of the State Government charged by law with the collection of any excise taxes due to the State of New Mexico, shall deputize persons employed in this division to act as their agents in the collection of all such fees and taxes re-

quired by law to be collected by such departments, boards, commissions or agencies. All such Departments, boards, commissions and other agencies shall keep and furnish to said board, when requested by it, records of all such excise taxes due to the State. Such persons employed by this division shall, while engaged in the performance of their duties in enforcing this Act and collecting the fees, licenses and taxes required to be collected by the terms of this Act, be considered and held to be the deputies and agents of the departments, boards, commissions and agencies of the State Government, charged with the collection of same."

Section 9 thereof contains the following: "The Board of Supervisors of the New Mexico State Police shall designate the main highways upon which persons driving motor vehicles that are not licensed in New Mexico, and that are required to be licensed therein, or that are transporting passengers for hire, or transporting property must enter and leave this State, and shall establish such registration offices or places where inspection and registration service shall be maintained as said Board of Supervisors of the New Mexico State Police shall deem necessary. * * *"

Section 10 thereof provides: "The person in charge of said registration station shall further inspect the contents of such vehicle to determine whether or not all taxes on gasoline and motor fuel, and excise taxes on alcoholic liquors, and all taxes on any other property have been fully paid."

Provision is made for the manner of inspecting automobiles, the collection of license fees, and verifying the information regarding the duties and authority of such police.

Section 12 thereof provides that after inspection, clearance certificates or special permits shall be issued for such vehicles that have been duly licensed and are displaying such license plates or tags as are required by the laws of the state.

Section 17 thereof is as follows: "That all monies collected under the provisions of this Act shall forthwith be remitted to the Commissioner of Revenue and by him turned over to the State Treasurer to be by such Treasurer distributed into the respective funds for which said collections were made."

Section 18 thereof is as follows:

"The Board of Supervisors of the New Mexico State Police is hereby authorized to recommend to the Commissioner of Revenue refunds of all such mileage taxes or license fees imposed by this Act which had been erroneously or wrongfully collected, and the Commissioner of Revenue is hereby authorized to refund such license fees or mileage taxes on the recommendation of the Board of Supervisors of the New Mexico State Police.

"The Commissioner of Revenue, for the purpose of making refunds provided for in this Act, is hereby authorized to keep on hand, in the special suspense fund provided by Section 6 of this Act, an amount sufficient to pay all legal claims made in

conformity with the provisions hereof from the funds derived from the special mileage taxes and license fees provided herein, under the following conditions:

"Any person who believes he has been erroneously or wrongfully charged a mileage tax or license fee under this Act shall within six months from date of payment of the mileage tax or license fee, file a claim for a refund with the Board of Supervisors of the New Mexico State Police. Said claim must be accompanied by the receipt issued the claimant by the agent of the Board of Supervisors of the New Mexico State Police for such mileage tax or license fee, together with a statement showing why such claimant was erroneously or wrongfully charged such mileage tax or license fee."

The defendants demur upon three specific grounds, but not generally. First, it is asserted that the complaint is fatally defective because it is not alleged therein that the plaintiff does not have a speedy and adequate remedy at law, as provided by Sec. 18, Ch. 73, N.M.L.1939, which provides for the refunding by the Commissioner of the Bureau of Revenue of license fees and taxes wrongfully collected.

■■■ But is is not alleged that the fees in question were "imposed" by the act or collected through the agency of the Commissioner of the Bureau of Revenue and his deputies. It is alleged that such collections were made by the individual members of the Board of Supervisors of the State Police and their agents and employees. It would appear that there is no authority in the act in question authorizing the members of the Board of Supervisors of the State Police to collect the tax in question or to refund it. The allegation would have added nothing to the alleged cause of action.

The second ground for demurrer is as follows: "It is not shown by said complaint that said automobiles were not being transported as an incident of a sale made or to be made and as a part of the commerce for the transaction of which the highways of the state are used, and for which said tax is imposed."

■■■ If we understand the meaning of this ground of demurrer, then it is not well taken. It is shown by the complaint that the automobiles in question belong to persons living in another state and were not transported for the purpose of selling or offering them for sale. The fact that they had theretofore been sold does not bring the transaction within the province of Ch. 117, L.1939, supra.

■ The third ground is as follows: "The complaint does not show that any appropriation has been made by the Legislature in conformity with section 30, Article IV of the Constitution of the State of New Mexico for the refund of the moneys collected as set out in the complaint, nor facts showing that said moneys have not become a part of the funds in the Treasury of the State."

The complaint does not charge that the money was collected for or on behalf of the state, and that it had been turned over to the state treasurer, as provided by Sec.

17 of the act, Laws 1939, c. 73. In fact, it is not charged that the money was ever collected by, or turned over to, any official of the state of New Mexico authorized to collect or receive it.

█ It is not asserted generally that the complaint states no cause of action, but only that it states no cause of action because of the failure to allege the facts specified in the demurrer. We, therefore, do not determine whether the complaint states a cause of action, but only that it is not defective because of the failure to state the facts mentioned in the several grounds of the demurrer.

█ It should be stated, in view of a reversal of this case, that the New Mexico state police are not confined in their duties to the collection of the taxes and license fees provided for in Ch. 73, N.M.L. 1939, but "all departments, boards, commissions and other agencies of the State Government charged by law with the collection of any excise taxes due to the State of New Mexico" are required to deputize them for such purpose. They do not act as agents of the supervisors of the State Police, but of the department, board or commission authorized to collect the tax. If, therefore, it should be established that the State Police were engaged in the performance of their duties in collecting the license fees in question as agents of the Commissioner of the Bureau of Revenue, or other state agency, then the defendants are not liable to damages.

The charge here is that the defendants (who as members of the Board of Supervisors of the State Police are without authority to collect any tax) forced the plaintiff to pay taxes not authorized by law. A bill of particulars might have been obtained that would have furnished the true facts, if they are not stated in the complaint.

The cause is reversed and remanded with instructions to the district court to overrule the demurrer to permit the parties to amend their pleadings as they may be advised, and otherwise proceed with the consideration of this cause not inconsistent herewith.

It is so ordered.

ZINN, SADLER, MABRY, and BICKLEY, JJ., concur.