304 P.2d 566

Dan BEAL, by his Guardian and Next Friend, Rockne BOATWRIGHT, Plaintiff,

v.

SOUTHERN UNION GAS COMPANY, a Corporation, et al., Defendant-Appellant,

Clyde Coe, d/b/a C & C Contractors, et al., Third Party Defendant-Appellee.

Donald P. RIX, Plaintiff,

v.

SOUTHERN UNION GAS COMPANY, a Corporation, et al., Defendant-Appellant,

Clyde Coe, d/b/a C & C Contractors, et al., Third Party Defendant-Appellee.

No. 6126.

Supreme Court of New Mexico.

Nov. 28, 1956.

Keleher & McLeod, Martin A. Threet, Albuquerque, for Southern Union Gas Co.

Hannett, Hannett & Cornish, Albuquerque, for Clyde Coe, d/b/a C & C Contractors.

McGHEE, Justice.

The Southern Union Gas Company, defendant, appeals from an order of the lower court dismissing its third party complaint against Clyde Coe who was the employer of the plaintiffs, Dan Beal and Donald P. Rix, when they were injured in the course of their employment by a gas explosion while they were engaged in the work of installing sewer lines in the City of Albuquerque. These employees have filed separate suits in tort against the Southern Union Gas Company alleging the negligent maintenance of the company's gas lines permitted dangerous quantities of gas to escape and accumulate where the plaintiffs were working, which became ignited, exploded and proximately caused their injuries. The gas company asserts its freedom from negligence but contends the employer, Clyde Coe, was also negligent and if a judgment should be rendered against the gas company at the suit of these plaintiffs, it should be allowed indemnity or contribution from the employer. The permissibility of the gas company's third party complaint against the employer, Clyde Coe, is common to both actions which were consolidated for trial and appeal.

Our Workmen's Compensation Act, § 59–10–5, N.M.S.A.1953, provides, in part:

"Any employer who has elected to and has complied with the provisions of this act, including the provisions relating to insurance, shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as in this act provided; and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such death of, or personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as in this act provided."

A further section 59–10–6, provides:

"The right to the compensation provided for in this act, in lieu of any other liability whatsoever, to any and all persons whomsoever, for any personal injury accidentally sustained or death resulting therefrom, shall obtain in all cases where the following conditions occur:

"(a) Where, at the time of the accident, both employer and employee

are subject to the provisions of this act; and where the employer has complied with the provisions thereof regarding insurance.

"(b) Where, at the time of the accident, the employee is performing service arising out of and in the course of his employment.

"(c) Where the injury or death is proximately caused by accident arising out of and in the course of his employment, and is not intentionally self-inflicted."

The lower court found the employer had come under the Workmen's Compensation Act and through its insurer had paid or was paying all obligations thereunder to the plaintiff employees; that no contract of indemnity, express or implied, existed between Southern Union Gas Company and the employer; and that the employer's liability was limited solely to the liability imposed by the Workmen's Compensation Act.

We will first consider appellant's contention an indemnity provision in the contract between the employer and the City of Albuquerque indemnifies appellant for any and all damages it may have to pay plaintiffs. This provision reads:

"30. Damages. The contractor hereby expressly binds himself to indemnify the City and its engineer from all suits and accidents of every nature and description brought against the City by any person or persons on account of the construction or the work or by reason of any act of omission, misfeasance, or malfeasance of the contractor, his agents, sub-contractors or employees."

Appellant contends this provision was placed in the contract not only for the benefit of the city but also for the protection of a person standing in appellant's position. It thereby seeks to bring itself under the authority of cases where an independent contractor or employer has a contractual duty to provide certain equipment or take certain precautions for the protection of workmen who are injured as the result of failure to perform such duty and recover from owners of buildings or ships, etc., where it is recognized the owner has a right to indemnity from such independent contractor or employer. See, for example: Valerio v. American President Lines, D.C.1952, 112 F.Supp. 202; Lundberg v. Prudential Steamship Corp., D.C.1951, 102 F.Supp. 115; Burris v. American Chicle Co., D.C.1941, 120 F.2d 218.

The compensation acts with which these cases are concerned do not contain the very restrictive language limiting employers' liability that is to be found in our act, but even if a third party may recover indemnity from an employer on the basis of contractual duties, there is no express contract between Clyde Coe and the Southern Union Gas Company and no basis

upon which one may be implied. The contractual provision relied upon here runs solely to the City of Albuquerque, with nothing to indicate it sought indemnity for any other. The point is ruled against appellant.

It is urged that an employer is not immune from suit for contribution by a defendant sued in tort where its negligence and that of the employer concur to cause an employee's injury.

Although this is the first time the question has come before us, it has been passed upon by federal courts ruling upon New Mexico statutes in the case of Hill Lines, Inc., v. Pittsburgh Plate Glass Co., 10 Cir., 1955, 222 F.2d 854, where the ruling in Sanchez v. Hill Lines, D.C.1954, 123 F. Supp. 42, disallowing such action was affirmed. That case also considered the question in the light of our joint tortfeasors' contribution act, § 24–1–11 to § 24–1–18, N.M.S.A.1953. It is said at 222 F.2d 857:

"* * * While the New Mexico courts have not construed these acts in relation to each other, it is difficult to conceive of language more explicitly definitive of the employer's liability for contribution on account of covered injuries of its employees than that in the workmen's compensation act. * * [Omitting quoted matter from our act.]

"A construction of emphatic words protecting the employer from 'any other liability whatsoever' to 'any and all persons whomsoever' for 'personal injury to' his employee, to require contribution to a third person for the injuries covered by the act, * * * would render the words of exclusion meaningless, and dissipate the purpose of the act to grant immunity to the employer in exchange for his absolute, though limited, liability to secure compensation to his employees. [Omitting citations.] We are convinced that the New Mexico courts would construe the workmen's compensation act to abrogate or modify the tortfeasor's act to the extent that it has application to the liability of an employer to an employee. If, therefore, the basis for [employer's] liability is the injuries to its employee, it is limited by the workmen's compensation act, and there can be no contribution."

Under our statutes the conclusion reached by the federal court in that case is unquestionably correct.

Our tortfeasors' contribution act is applicable only in instances where joint tortfeasors share a common liability. Downing v. Dillard, 1951, 55 N.M. 267, 232 P.2d 140.

The limitation of employer's liability for injuries sustained by an employee covered by the Workmen's Compensation Act covers all instances where that injury is sought

to be made the basis for further and additional liability by the employee or others in his behalf, and indirect liability for such injury is also foreclosed both by the terms of the act and because the employer's liability for such injury is not in tort.

The authorities relied upon by appellant are distinguishable as arising under less restrictive limitation provisions or involving some relationship between the third party and the employer independent of joint negligence. Insofar as they may declare a contrary rule, however, we will not follow them.

The question has been considered by numerous courts throughout the United States and the weight of reason and authority denies such action. Specific reference is made to the opinion of Justice Learned Hand in Slattery v. Marra Bros., Inc., 2 Cir., 1951, 186 F.2d 134, and the cases of Baltimore Transit Co. v. State, 1944, 183 Md. 674, 39 A.2d 858, reported and annotated in 156 A.L.R. 460, and Employers Mutual Liability Ins. Co. of Wis. v. Griffin Const. Co., Ky., 1955, 280 S.W.2d 179.

Appellant's contention, made more or less in passing, that insofar as negligent employers are relieved from the burden of contribution the Workmen's Compensation Act is exemplary of invalid class legislation is devoid of merit.

The lower court properly dismissed appellant's third party complaint against the employer, Clyde Coe, and its action is affirmed. It is so ordered.

COMPTON, C. J., and LUJAN and SADLER, JJ., concur.

KIKER, J., not participating.