317 P.2d 321

Donald W. DANZ and Nelda R. Danz, Plaintiffs-Appellees,

v.

Jim D. KENNON and Margie L. Kennon, Defendants-Appellants.

No. 6210.

Supreme Court of New Mexico.

Oct. 30, 1957.

William L. Shaner, Lewis C. Kimmel, Roswell, for appellants.

Brown & Brainerd, Roswell, for appellees.

COMPTON, Justice.

This action stems from a collision of motor vehicles at the intersection of West Second Street and Union Avenue in the City of Roswell.

The material evidence may be summarized as follows. Appellant, Margie L. Kennon, was driving appellants' vehicle in an easterly direction on West Second Street, and appellee, Nelda R. Danz, was driving appellees' vehicle in a westerly direction on West Second Street in the north lane of traffic. There was a "stop" and "go" light at the intersetion of Union Avenue and West Second Street. Margie L. Kennon was driving appellants' vehicle in the inside or north lane of the eastbound traffic and had stopped for the traffic control light to change. As the traffic light changed, she began effecting a left turn toward the north after having been signaled to do so by the driver of a pickup truck which had stopped on the inside or south lane of traffic facing west. At the same time, appellee, Nelda R. Danz, entered into the intersection at a speed of 25 to 30 miles per hour, passing the pickup truck on the right.

The vehicles collided in the north quadrant of the intersection, the point of impact being established as 15 feet north and 3 feet east of the center of the intersection. The left front of appellees' vehicle struck the right front of appellants', causing damage to appellees' vehicle in the stipulated amount of $278.91. It appears that neither driver saw the other until about the time the vehicles collided.

Appellees alleged that Margie L. Kennon's negligence in making the left turn at the intersection was the proximate cause of the collision and the resulting damages. The charge was put in issue by a general denial. A plea of contributory negligence was also interposed. By counterclaim, appellees' negligence on entering the intersection at an excessive speed was alleged as the proximate cause of the collision, and appellants sought to recover damages. On the pleadings thus framed, the cause was submitted to the court. The pertinent finding reads:

"2. That the defendant, Margie L. Kennon, stopped at the intersection in the inside lane of the eastbound traffic on West Second Street, which is a four lane street, signaled for a left turn and waited for the light to change from red to green. That at the same time there were one or more vehicles

stopped in the inside lane of the westbound traffic on West Second Street, and that said vehicle or vehicles obstructed the view of the defendant, Margie L. Kennon, with respect to cars proceeding west in the outside lane of the Westbound traffic on West Second Street. When the traffic light changed to green for the traffic moving east and west, the defendant, Margie L. Kennon, started to make a left turn, turning to the west, or inside, of the traffic light and without keeping a proper lookout for westbound traffic in the outside lane on West Second Street."

The court then concluded, conclusion number 2, that appellant, Margie L. Kennon, "by making a left turn without keeping a proper lookout to see that the turn could be made safely and by cutting the corner turning inside the center of the intersection, was negligent per se." Judgment was entered accordingly and this appeal followed.

The attack is directed against conclusion of law number 2, and that part of finding number 2, which reads, "that said vehicle or vehicles obstructed the view of the defendant, Margie L. Kennon, with respect to cars proceeding west in the outside lane of the westbound traffic * * * and without keeping a proper lookout for westbound traffic."

■ As to the objectionable finding, we need look no further than to the testimony of Margie L. Kennon. She testified that as she started the left turn, she looked to the east and did not see anything "because there was a pickup in that intersection and there were two or three cars behind him in that lane of traffic and it obstructed my view." This testimony gives substantial support to the finding. So, our review of the evidence ends with such determination. Archuleta v. Velasquez, 60 N.M. 97, 287 P. 2d 989.

■ Concerning the question of negligence per se, the statutes define the duty of drivers of motor vehicles in making left turns. Section 64–18–24(a), 1953 Compilation, provides that "no person shall turn a vehicle at an intersection * * * unless and until such movement can be made with reasonable safety." Section 64–18–28, 1953 Compilation, provides that "the driver of a vehicle within an intersection intending to turn to the left shall yield the right-of-way to any vehicle approaching from the opposite direction which is within the intersection or so close thereto as to constitute an immediate hazard." Appellees' vehicle was some 40 to 50 feet east of the intersection, traveling 25 to 30 miles per hour, as the left turn was started. Appellant, Margie L. Kennon, was legally bound to look and see westbound traffic so near the intersection and yield the right-of-way. She admittedly failed to do so, and a violation of these statutory standards of conduct was negligence per se. Pettes v. Jones, 41 N.M.

167, 66 P.2d 967; Greenfield v. Bruskas, 41 N.M. 346, 68 P.2d 921.

 Appellants argue strenuously that they literally complied with the statutory mandate, which provides: "Wherever practicable the left turn shall be made in that portion of the intersection to the left of the center of the intersection." Section 64–18–21(b), 1953 Compilation. The argument must be rejected. One cannot exercise a legal right blindly as to consequences. The evidence does indicate that the turn was made in the proper area, but mere turning in and of itself has no bearing. Under the circumstances, it is self-evident that appellants were confronted with an immediate hazard and that it was impracticable to make the left turn.

The statutory speed limit on West Second Street, at the place of collision, was 25 miles per hour. The local authorities, however, had raised the limit to 30 miles, and the authority to do so is now challenged. As to the question, appellants did not invoke a ruling by the trial court, so it is not one for review. None but jurisdictional questions may be raised here for the first time. Supreme Court Rule 20(1). See also Pillsbury v. Blumenthal, 58 N.M. 422, 272 P.2d 326. Nevertheless, we note that municipalities may, under certain conditions, provide by ordinance for a higher prima facie speed upon through highways. Section 64–18–3, 1953 Compilation.

The refusal of the court to make certain requested findings and conclusions of law is assigned as error. This claimed error will be disposed of by stating that the findings and conclusions requested are all contrary to those made by the court. There was no error in such refusal.

The judgment should be affirmed and it is so ordered.

LUJAN, C. J., SADLER and McGHEE, JJ., and CARMODY, D. J., concur.