366 P.2d 848

In the Matter of the GUARDIANSHIP OF Debra Anne CAFFO, a minor.

Josephine HIDALGO, Petitioner-Appellant,

v.

Joe CORTESE and Gilbert Caffo, Petitioners-Appellees.

No. 6867.

Supreme Court of New Mexico.

Nov. 16, 1961.

Bingham & Klecan, Albuquerque, for appellant.

Richard C. Civerolo, Gino J. Matteucci, Pete V. Domenici, Albuquerque, for appellee Gilbert Caffo.

Iden & Johnson, James T. Paulantis, Albuquerque, for appellee Joe Cortese.

NOBLE, Justice.

Appeal was taken from an order of the district court removing Josephine Hidalgo as guardian of the person of Debra Anne Caffo, a minor 7½ years of age, and appointing Gilbert Caffo as such guardian.

The father and mother of Debra Anne Caffo, as well as her three brothers, were killed in an automobile accident July 20, 1960, in which Debra Anne was injured. On July 25, 1960, Josephine Hidalgo, maternal grandmother of the child, applied for, and in an ex parte proceeding, was appointed guardian of her person and estate. On the following day, she qualified and letters of guardianship were issued to her. Joe Cortese, maternal grandfather and divorced husband of Josephine Hidalgo, on July 27, 1960, sought her removal as guardian; and, subsequently, asked that he be appointed guardian. Answer to the petition for removal was promptly filed. Notice of the taking of depositions by Josephine Hidalgo and objections thereto were filed. On July 29, 1960, Gilbert Caffo, uncle of the child, requested appointment as guardian, reciting the filing of the petition for removal and that he had been appointed administrator of the estates of the child's father, mother and brothers.

An order was entered by the district court September 15, 1960, reciting a hear-

ing held August 18, 1960 at which all parties were present and represented by counsel. The order, among other things, recites:

"* * * and the court having made an independent investigation and having had an investigation made by the Welfare Department of the State of New Mexico; having heard the argument of counsel; seen and heard the evidence and witnesses * * * FINDS that good grounds exist for the removal of Josephine Hidalgo as guardian of the person of said Debra Anne Caffo, a minor, and that it is for the best welfare of said minor that her paternal uncle, Gilbert Caffo, be appointed guardian of the person, and be given her custody and control; * * *"

Appellant, Josephine Hidalgo, asserts reversible error because (1) the determination of the district court was made solely upon an investigation by the Department of Public Welfare and an independent investigation by the court, (2) the court failed to make specific findings of fact and (3) the objections to the taking of depositions had not been ruled upon and the case was not at issue at the time of entry of the order of removal of the guardian. Present counsel for appellant did not represent her in the court below.

■ It is true that the transcript does not disclose the testimony of any witnesses at the hearing on August 18, 1960 or at any other time, and that the praecipe called for "all testimony, if any, objections, rulings, exhibits, proceedings of any kind." The fact that the record fails to disclose testimony is not, by itself, sufficient to establish that the court did not hear testimony without a record of it. Especially is this true in the light of the recital that the court had "* * * seen and heard the evidence and witnesses * * *" The record fails to disclose any objection to the inclusion of this recital by the court. The rule announced in Fisher v. Terrell, 51 N. M. 427, 187 P.2d 387, 388 is that:

"* * * upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court, * * *"

■ We indulge that presumption in support of the order entered in this case and in support of the recital by the trial court that the court did see and hear the evidence and witnesses. If matters occurred in the trial not disclosed by the bill of exceptions, Supreme Court Rule 13, subds. 3, 4, 5 and 6 provides the method for including what transpired in the trial court in the transcript and its certification to the Supreme Court. This includes the claim that no testimony of any kind was taken. That procedure was not followed in this instance. It is settled beyond question, in

this jurisdiction, that the duty of having a transcript properly prepared and certified, showing all matters necessary to a review of the questions presented on appeal, rests upon the appellant. Buchanan v. Carpenter, 65 N.M. 389, 338 P.2d 292 and cases cited therein. Furthermore, this court is bound by the findings of the trial court in the order appealed from where the record, as here, discloses no testimony and contains no bill of exceptions bringing the evidence to this court, or in lieu thereof, either a stipulation or statement of the facts by the trial court included as a part of the record. Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546.

■ Appellant relies largely upon In re Guardianship of Howard, 66 N.M. 445, 349 P.2d 547, 549 as requiring a reversal because of the private investigation by the court and an investigation by the Department of Public Welfare, not made a part of the record. We said in that decision:

> "This extra legal type of procedure is not to be commended, and as a matter of fact may under certain circumstances result in reversal, or at least remand so that a record thereof could be made."

■ We reaffirm that position, but here the record is entirely silent as to any objection in the lower court as to the procedure followed; to the independent investigation by the court; nor, does it show any request for the right to cross-examine the persons who made the Department of Public Welfare report. Absent objections made in the trial court, the question is not reviewable on appeal. Issues, other than jurisdictional, cannot be raised for the first time on appeal. Rules of Civil Procedure, rule 20. Terry v. Biswell, 66 N.M. 201, 345 P.2d 217; Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609; Warren v. Spurck, 64 N.M. 106, 325 P.2d 284; Danz v. Kennon, 63 N.M. 274, 317 P.2d 321, to cite only a few.

■ Finally, appellant complains that the trial court failed to make its own findings and conclusions. The omission of the trial court to make findings will not be considered on appeal in the absence of a request therefor in the trial court. Rule 52 (B) (a) (6); Gilmore v. Baldwin, 59 N.M. 51, 278 P.2d 790, and findings of fact submitted after judgment cannot be made the basis of appeal. Gilmore v. Baldwin, supra.

■ The rule we have heretofore announced that this court cannot consider matters on appeal unless proper objection is made in the court below disposes of appellant's contention that the order appealed from was prematurely entered because the question of appellant's right to take depositions had not been disposed of. The record does not show that fact to have been called to the court's attention at or prior to the entry of the order appealed from.

The order appealed from will be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

COMPTON, C. J., and CHAVEZ, J., not participating.