369 P.2d 403

Sarah ROSEBERRY, Plaintiff-Appellant,

v.

PHILLIPS PETROLEUM COMPANY and W. A. Starkovich, Defendants-Appellees.

No. 6956.

Supreme Court of New Mexico.

Feb. 28, 1962.

Phillips, Dolan & Clear, Warren F. Reynolds, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Akin & Robb, James C. Ritchie, Joseph J. Mullins, Albuquerque, for appellees.

NOBLE, Justice.

Two questions are presented by this appeal: first, is the New Mexico Workmen's Compensation Act a bar to an action against the employer by a third party for her damage caused by the employer's negligent injury of an employee, covered by the Act and receiving compensation? And, second, does the Workmen's Compensation law bar an action by a third party against a fellow-employee of an injured workman for damage caused such third party by the negligent injury of such workman?

The action is by appellant, as wife of Dwayne Roseberry, alleging the injury of her husband on September 22, 1959, arising out of and in the course of his employment by reason of the negligent acts of his employer, Phillips Petroleum Company, and W. A. Starkovich, a fellow-employee, both appellees herein. The action is grounded upon appellant's loss of her husband's consortium by reason of his injuries resulting in paralysis. This appeal is from a summary judgment dismissing the complaint upon the sole ground that the action against both appellees is barred by the Workmen's Compensation law. No material issues of fact are involved. The sole question on appeal is whether appellees were entitled to judgment as a matter of law. Both parties agree that the precise questions are ones of first impression in this jurisdiction.

Appellant contends that the wife's right of action for damage sustained by her as a result of injuries to her husband is not denied by the Workmen's Compensation law; that the husband may be allowed to accept benefits under the Act; and, that she may nevertheless recover in an independent action for her damages as distinguished from the injuries to her husband.

Appellant asserts that § 59–10–4, N.M. S.A., 1953 Comp. is the heart of the exclusion provisions of the Workmen's Compensation law, and that it does not deny the spouse of an injured workman any remedy which such spouse may have by reason of her damage as distinguished from the injury to the workman. It is contended that under statutory provision, supra, an election by the employer and employee to be covered by the Act amounts only to a surrender by the employer and employee of all other rights and remedies "and shall bind the employee himself, and for compensation for his death, shall bind his per-

sonal representative, his widow, and next of kin * * *." Appellant contends that only if the workman fails to survive are persons other than the workman denied a remedy; that she is not a widow, and, therefore, is not denied her right of action for her independent damage. It is argued that to so construe the statute would be to write into it something not provided by the legislature and would be judicial legislation.

We shall first discuss whether such action lies against the employer of the injured workman. The answer, we think, is to be found in § 59-10-5, N.M.S.A., 1953, the pertinent portion of which reads:

"Any employer who has elected to and has complied with the provisions of this act * * * shall not be subject to any other liability whatsoever for the death of or personal injury to any employee, except as in this act provided; and all causes of action, actions at law, suits in equity, and proceedings whatever, and all statutory and common-law rights and remedies for and on account of such * * * personal injury to any such employee and accruing to any and all persons whomsoever, are hereby abolished except as in this act provided."

The language of the New Mexico statute is very restrictive and all embracing. Beal by Boatwright v. Southern Union Gas Co., 62 N.M. 38, 304 P.2d 566. It expressly limits the liability of the employer and abolishes all rights and remedies of every person whomsoever against the employer except as provided by the Act. The basis upon which the Workmen's Compensation law rests is that it imposes upon the employer an absolute, though limited, liability, not based upon the principle of tort but upon compensation to the injured employee regardless of fault and free from the common-law defenses of assumption of risk, contributory negligence and negligence of a fellow-employee, in exchange for a release from the unlimited liability to which he was theretofore subject upon the theory of negligence. Stainbrook v. Johnson County Farm Bureau, Co-op Ass'n, 125 Ind.App. 487, 122 N.E.2d 884; Bevis v. Armco Steel Corp., 156 Ohio St. 295, 102 N.E.2d 444; Guse v. A. O. Smith Corp., 260 Wis. 403, 51 N.W.2d 24.

It is clear to us that the injury for which appellant seeks recovery resulted from an accidental injury sustained by her husband arising out of and in the course of his employment. She is, therefore, seeking recovery against the employer for her damage which is dependent, nevertheless, upon the employee's compensable injury for which the employer is paying the compensation provided by law.

While the precise question involved here was not determined in Royal Indemnity Co. v. Southern California Petroleum Corp., 67

N.M. 137, 353 P.2d 358, where it was held that the language of § 59–10–5, supra, "expressly limits the liability of the employer and destroys the common-law right of indemnity" or in Beal by Boatwright v. Southern Union Gas Co., supra, where we said:

> "The limitation of employer's liability for injuries sustained by an employee covered by the Workmen's Compensation Act covers all instances where that injury is sought to be made the basis for further and additional liability by the employee or others in his behalf, and indirect liability for such injury is also foreclosed both by the terms of the act and because the employer's liability for such injury is not in tort."

our holding, here, is merely a logical extension of those decisions.

We have examined the authorities cited by appellant and find them not in point under the language of our statute or the factual situation presented in the instant case. Our statutes could scarcely be more explicit in abolishing every statutory or common-law right or remedy against the employer not provided by the Workmen's Compensation Act, accruing to any person whomsoever, which arises by reason of such injury.

Other courts which have considered similar questions under statutes having limitations similar to ours, have reached a conclusion that the spouse of such injured employee is barred by the limitations of the Workmen's Compensation Act from maintaining an independent action against the employer arising out of or by reason of the injury to the employee. Hartman v. Cold Spring Granite Co., 247 Minn. 515, 77 N.W.2d 651; Ash v. S. S. Mullen, Inc., 43 Wash.2d 345, 261 P.2d 118; Guse v. A. O. Smith Corp., supra; Stainbrook v. Johnson Farm Bureau, Co-op Ass'n, supra; Bevis v. Armco Steel Corp., supra; Smither & Company, Inc. v. Coles, 100 U.S.App. D.C. 68, 242 F.2d 220; Danek v. Hommer, 9 N.J. 56, 87 A.2d 5.

For her second point, appellant complains that the trial court erred in dismissing the action on summary judgment as to the defendant Starkovich, a fellow-employee with appellant's husband, and whose negligence is alleged to have proximately caused the injury to her husband and resulted in her independent damage. The motion for summary judgment was granted upon the sole ground that appellant's action against both appellees was barred by the Workmen's Compensation law. At the time of the entry of that judgment, it had not been determined in this jurisdiction whether an employee could maintain an action against a fellow-employee for negligent injury. We recently held in Hockett v. Chapman, 69 N.M. 324, 366 P.2d 850, that an employee's action is not barred. It follows that the

Workmen's Compensation law does not bar the right of a third person to recover for damage to such third person arising out of the negligent injury by one employee of a fellow-employee. The action of the trial court in dismissing the complaint against the appellee Starkovich was error.

█ Appellees, however, for the first time argue, on appeal, that a wife has neither a common-law nor a statutory right of action for loss of consortium of her husband. They urge that the judgment should be affirmed if it can be supported on any legal ground, even though the lower court's decision was upon an incorrect basis. The only pleadings were the complaint and motion for summary judgment. The summary judgment found that no genuine issue of fact exists and that the action is barred by the provisions of the Workmen's Compensation Act. Judgment was accordingly entered for both appellees and against appellant. The question of appellant's right to maintain an action for loss of consortium was neither raised nor determined by the trial court.

We have repeatedly held that matters, other than jurisdictional, not urged in the court below cannot be raised for the first time on appeal. Hidalgo v. Cortese, No. 6867, 69 N.M. 320, 366 P.2d 848 (Opinion, November 8, 1961); Scofield v. J. W. Jones Construction Co., 64 N.M. 319, 328 P.2d 389; Terry v. Biswell, 66 N.M. 201, 345 P.2d 217; Metzger v. Ellis, 65 N.M. 347, 337 P.2d 609; Warren v. Spurck, 64 N.M. 106, 325 P.2d 284; Danz v. Kennon, 63 N.M. 274, 317 P.2d 321; Sena v. Sanders, 54 N.M. 83, 214 P.2d 226; Lord v. Gallegos, 46 N.M. 221, 126 P.2d 290; Thomas v. Johns, 35 N.M. 240, 294 P. 327, to cite only a few. Under Supreme Court Rule 20:

"None but jurisdictional questions shall be first raised in the Supreme Court."

We are not unmindful that this court has recognized certain exceptions to this rule. See, Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546; Ortiz v. Gonzales, 64 N.M. 445, 329 P.2d 1027; Heron v. Garcia, 48 N.M. 507, 153 P.2d 514; Flanagan v. Benvie, 58 N.M. 525, 273 P.2d 381.

█ The rule that an order sustaining a general motion to dismiss for failure to state grounds upon which relief can be granted will be affirmed if the decision was correct upon any legal ground is not applicable under the state of the record in this case.

We decline to pass upon the question presented for the first time on appeal, and express no opinion thereon.

The judgment will be affirmed insofar as it applies to the appellee, Phillips Petroleum Company, and reversed insofar as it applies to appellee, W. A. Starkovich. The

cause will be remanded with instructions to vacate the judgment appealed from and to enter a new judgment in conformity with what we have said and to proceed further in a manner not inconsistent with the views expressed herein.

It is so ordered.

CARMODY and CHAVEZ, JJ., concur.

COMPTON, C. J., and MOISE, J., not participating.