667 P.2d 445

**Billy Thomas TAYLOR, Plaintiff,**

v.

**DELGARNO TRANSPORTATION, INC., a corporation, and BMS Industries, Inc., a corporation, and Cooper Manufacturing, Inc., a corporation, Defendants,**

and

**Employers Insurance of Wausau, Intervenor.**

**No. 14614.**

Supreme Court of New Mexico.

June 10, 1983.

Rehearing Denied Aug. 4, 1983.

Roth, Van Amberg & Gross, F. Joel Roth, Ronald J. Van Amberg, Santa Fe, for plaintiff.

Rodey, Dickason, Sloan, Akin & Robb, Bruce D. Hall, Albuquerque, for BMS Industries, Inc.

Civerolo, Hansen & Wolf, C. LeRoy Hansen, Albuquerque, for Delgarno Transp., Inc.

Shaffer, Butt, Jones & Thornton, Norman L. Gagne, Albuquerque, for Cooper Mfg., Inc., defendants.

Modrall, Sperling, Roehl, Harris & Sisk, Leland S. Sedberry, Jr., Albuquerque, for Employers Ins. of Wausau, intervenor.

OPINION

RIORDAN, Justice.

This matter is before this Court through a certification from the United States District Court for the District of New Mexico, Honorable Edwin L. Mechem, District Judge, pursuant to Section 34–2–8, N.M.S.A.1978 (Repl.Pamp.1981). The issue certified which is of first impression in New Mexico's law, is as follows:

Where the workman has obtained a verdict against third party tortfeasors for a work related injury and the verdict, under comparative fault principles, includes a determination that the employer is at fault and such fault is a proximate cause of the workman's injury,

(1) does such determination reduce or affect the employer's right to be reimbursed for amounts paid in compensation and medical benefits? and, if so;

(2) in what amount, assuming that an allocation of damages in proportion to the employer's percentage of fault exceeds the amounts paid by the employer?

Billy Thomas Taylor (Taylor) was employed by Inland Drilling Company (Inland). Taylor was employed as a driller at a carbon dioxide drilling rig. On June 25, 1980, Inland made the decision to move the drilling rig to another site. Inland employed Delgarno Transportation, Inc. (Delgarno) to move the rig. Taylor was prepar-

ing the rig for moving, when a Delgarno driver hooked a winch line onto the hoisting line which moved the "doghouse" forward. The movement of the "doghouse" released the floor plate which Taylor was lying on, and Taylor fell into a water tank below him. The "doghouse" which weighed several tons, fell on top of Taylor.

Taylor brought a cause of action against Delgarno for negligence and causes of action against BMS Industries, Inc. (BMS) and Cooper Manufacturing Corporation (Cooper) for products liability, negligence in design and failure to warn of dangers of a "water tank-doghouse" unit. Inland had purchased the transportable "water tank-doghouse" unit from Cooper which was originally manufactured by BMS.

On July 16, 1982, Cooper settled with Taylor for $30,000.00. On July 26, 1982, this matter came to trial and on August 10, 1982, the jury reached its decision. The jury found damages in the amount of $1,400,000.00 and apportioned the negligence as 50% to Delgarno, 35% to BMS, 10% to Inland, 5% to Taylor and 0% to Cooper. However, on October 18, 1982, Taylor agreed to settle his claim with Delgarno for $510,000.00, in spite of the award.

The United States District Court has not entered judgment on the verdict, and instead has certified the issue of whether Inland's insurer is entitled to reimbursement for the $61,279.04 of workmen's compensation paid to Taylor. We hold that Inland's insurer is entitled to reimbursement in full for the workmen's compensation paid to Taylor.

The pertinent part of Section 52–1–8, N.M.S.A.1978, states that:

Any employer who has complied with the provisions of the Workmen's Compensation Act [52–1–1 to 52–1–69 NMSA 1978] relating to insurance, or any of the employees of the employer, including management and supervisory employees, *shall not be subject to any other liability whatsoever for the death of or personal injury to any employee,* except as provided in the Workmen's Compensation Act, and *all causes of action, actions at law,*

*suits in equity and proceedings whatever, and all statutory and common-law rights and remedies for and on account of ... personal injury to, any such employee * * * are hereby abolished except as provided in the Workmen's Compensation Act.* [Emphasis added.]

In *Roseberry v. Phillips Petroleum Company,* 70 N.M. 19, 21, 369 P.2d 403, 405 (1962), we interpreted the above statutory language by stating that:

It expressly limits the liability of the employer and abolishes all rights and remedies of every person whomsoever against the employer except as provided by the Act. The basis upon which the Workmen's Compensation law rests is that it imposes upon the employer an absolute, though limited, liability, *not based upon the principle of tort but upon compensation to the injured employee regardless of fault. * * ** [Emphasis added.]

*See also Beal v. Southern Union Gas Company,* 62 N.M. 38, 304 P.2d 566 (1956).

*Roseberry v. Phillips Petroleum Company, supra,* further states that:

Our statutes could scarcely be more explicit in *abolishing every statutory or common-law right or remedy* against the employer not provided by the Workmen's Compensation Act, accruing to any person whomsoever, which arises by reason of such injury. [Emphasis added.]

*Id.* 70 N.M. at 22, 369 P.2d at 405.

Therefore, New Mexico's Workmen's Compensation Act (Act), Sections 52–1–1 through 52–1–69, N.M.S.A.1978 (Orig.Pamp. and Cum.Supp.1982), *does not* look to the fault of an employer. Instead, the employer is liable to the employee for compensation if the conditions of Section 52–1–9, are met.

However, an injured employee may sue a third party, other than the employer or an employee of the employer, for negligence in causing the injured employee's accident. § 52–1–56. If the injured employee recovers in a third-party suit, then Section 52–1–56 provides a right of reimbursement for

benefits received under the Act out of the judgment in the third party action. *Castro v. Bass,* 74 N.M. 254, 392 P.2d 668 (1964); *Reed v. Styron,* 69 N.M. 262, 365 P.2d 912 (1961). The intent of Section 52–1–56, is to prevent dual recovery. *Brown v. Arapahoe Drilling Company,* 70 N.M. 99, 370 P.2d 816 (1962).

In *Royal Indem. Co. v. Southern Cal. Petroleum Corp.,* 67 N.M. 137, 353 P.2d 358 (1960), we dealt with the issue of whether an employer whose negligence concurred with a third party in causing an employee's injury, barred the employer's insurer from reimbursement for compensation paid under the Act. *Royal* held that the Act was the employee's exclusive remedy regardless of employer's negligence. The Act specifically grants a right of reimbursement for benefits paid if a third-party claim is successful. Therefore, in *Royal,* the employer's insurer was entitled to reimbursement for the compensation paid.

*Royal* was decided under the prior New Mexico law of contributory negligence. In *Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981), the contributory negligence concept for New Mexico was abolished and the doctrine of "pure" comparative negligence was adopted. And, in *Bartlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982), joint and several liability was held not to be retained by the adoption of "pure" comparative negligence. We denied certiorari in the *Bartlett* case; however, we specifically recognize and affirm the holding of the Court of Appeals in *Bartlett.*

Taylor asserts that *Bartlett* and *Scott* have affected the right to reimbursement under the Act. Taylor urges us to follow the California approach. *Associated Const. v. Workers' Compensation,* 22 Cal.3d 829, 150 Cal.Rptr. 888, 587 P.2d 684 (1978), holds that when an issue of an employer's concurrent negligence arises in regard to a third-party claim, the employer's degree of fault is determined, as well as the total damages to which the employee is entitled. Then, the employer's credit for paid workmen's compensation benefits would be denied if the employer's paid benefits do not reach the employer's proportionate share of fault. If the workman's compensation benefits already paid exceed the employer's proportionate share, then the excess amount is reimbursed to the employer.

The California Court has also adopted "pure" comparative negligence, *Li v. Yellow Cab Company of California,* 13 Cal.3d 804, 119 Cal.Rptr. 858, 532 P.2d 1226 (1975), but has retained the doctrine of joint and several liability, *American Motorcycle Ass'n v. Superior Court,* 20 Cal.3d 578, 146 Cal. Rptr. 182, 578 P.2d 899 (1978). However, California's Workmen's Compensation statutes and case law are different than New Mexico's.

*Witt v. Jackson,* 57 Cal.2d 57, 17 Cal.Rptr. 369, 366 P.2d 641 (1961), which was decided under California's prior contributory negligence rule, dealt with an issue similar to that presented in *Royal Indem. Co. v. Southern Cal. Petroleum Corp., supra.* The California Supreme Court in following a different approach, held that there was nothing in their Workmen's Compensation Code to suggest that a negligent employer could take advantage of the reimbursement provision. Therefore, in the absence of express terms to the contrary, the workman's compensation provision is qualified by the California civil code section which provides that "No one can take advantage of his own wrong." *Id.* 57 Cal.2d at 72, 17 Cal.Rptr. at 377, 366 P.2d at 649. Thus, whether an action is brought by the employer or the employee, the third-party tortfeasor should be able to invoke the concurrent negligence of the employer to defeat its right to reimbursement. Therefore, under California's statutory law, a negligent employer could not recover already paid workmen's compensation benefits from the amount a third party paid to the injured employee. Since the employee was not allowed dual recovery, the injured employee's damages were reduced by the amount of compensation already received.

Thereafter, the California Supreme Court in *Associated Const. v. Worker's Compensa-*

*tion, supra,* only modified the *Witt* decision in terms of comparative negligence, while keeping the *Witt* decision's central objectives intact.

Because California's Workmen's Compensation case law and statutes are different than New Mexico's, we do not find this as persuasive authority to change our prior holdings under *Royal* and *Roseberry,* now that New Mexico has adopted "pure" comparative negligence.

New Mexico's Workmen's Compensation statutes are to be construed liberally in favor of the workman. *Glover v. Sherman Power Tongs,* 94 N.M. 587, 613 P.2d 729 (Ct.App.), *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980); *Transport Indemnity Company v. Garcia,* 89 N.M. 342, 552 P.2d 473 (Ct.App.), *cert. denied,* 90 N.M. 9, 558 P.2d 621 (1976). However, provisions of the Act may not be disregarded in the name of a liberal construction. *Transport Indemnity Company v. Garcia, supra.*

New Mexico's Workmen's Compensation Act provides that the employer *shall* not be subject to any other liability than stated in the Act and that all common law and statutory rights and remedies are abolished as provided in the Act. § 52–1–8. The Act also provides that the employer is entitled to reimbursement for compensation paid out if the employee recovers from a third party. § 52–1–56. Although a jury may apportion liability to an employer under the "pure" comparative negligence standard, *none* of this apportioned negligence *shall* reduce the employer's right of reimbursement, regardless of the jury's finding.

Although Taylor's argument deserves consideration to reach the result he desires, we would have to either ignore the Act or hold a portion of the Act unconstitutional in addition to overruling numerous prior New Mexico cases. This is for the Legislature to do and not the courts.

Therefore, we hold that Inland's insurer is entitled to reimbursement for workmen's compensation benefits paid to Taylor. § 52–1–56. Because "pure" comparative negligence principles do not effect an employer's insurer's right of reimbursement,

part (2) under the certified question need not be answered.

IT IS SO ORDERED.

FEDERICI and STOWERS, JJ., concur.

PAYNE, C.J., and SOSA, Senior Justice, respectfully dissent.

PAYNE, Chief Justice, and SOSA, Senior Justice, dissenting.

We respectfully dissent. We would hold that Inland's insurer is not entitled to reimbursement for the workmen's compensation benefits paid to Taylor. We believe that a negligent employer or its insurer should be reimbursed from an employee's recovery from other tort-feasors for workmen's compensation benefits paid, but only to the extent that these payments exceed the negligent employer's proportionate share of the damages.

The applicable statute, NMSA 1978, Section 52–1–56(C), provides as follows:

The right of any workman, * * * to receive payment or damages for injuries occasioned to him by the negligence or wrong of any person other than the employer or any other employee of the employer, * * * shall not be affected by the Workmen's Compensation Act, but he * * shall not be allowed to receive payment or recover damages therefor and also claim compensation from the employer, and in such case the receipt of compensation from the employer shall operate as an assignment to the employer, his or its insurer, guarantor or surety, * * * of any cause of action to the extent of payment by the employer to the workman * * *.

Under contributory negligence principles, a plaintiff could receive full compensation for his damages from a third-party tort-feasor. Under such circumstances, a plaintiff who was also allowed to keep the workmen's compensation benefits he received would have received a double recovery. The legislature enacted Section 52–1–56(C) to provide a right of reimbursement to the employer or his insurer for any workmen's compensation benefits received by such an

employee in order to prevent double recovery. *Security Insurance Co. v. Chapman,* 88 N.M. 292, 540 P.2d 222 (1975); *Herrera v. Springer Corp.,* 85 N.M. 6, 508 P.2d 1303 (Ct.App.), *rev'd on other grounds,* 85 N.M. 201, 510 P.2d 1072 (1973).

New Mexico has now adopted the doctrine of pure comparative negligence. *Scott v. Rizzo,* 96 N.M. 682, 634 P.2d 1234 (1981). In addition, the doctrine of joint and several liability no longer exists in New Mexico. *Bartlett v. New Mexico Welding Supply, Inc.,* 98 N.M. 152, 646 P.2d 579 (Ct.App.), *cert. denied,* 98 N.M. 336, 648 P.2d 794 (1982). The rationale behind *Scott v. Rizzo* and *Bartlett,* with which we agree, is that apportionment (and payment) of damages among tort-feasors should be in proportion to the fault of each party. The Court of Appeals in *Scott v. Rizzo* made no attempt to determine how various legal rules would be affected by the adoption of the comparative negligence doctrine but instead expected that adaptations would be carried out on a case by case basis. The court emphasized that common sense should assist in the fair application of the comparative negligence doctrine. *Id.* Common sense tells us that although the purpose of Section 52–1–56(C) remains unchanged, *Scott v. Rizzo* and *Bartlett* affect the way we should apply Section 52–1–56(C) to uphold the intent of the legislature in its enactment.

The cases which were decided under the doctrine of contributory negligence and under joint and several liability principles were correct in providing that the employer or its insurer must be reimbursed for workmen's compensation benefits paid because in those cases the workman could have recovered 100% of his damages from a third-party tort-feasor in addition to receiving workmen's compensation benefits. *Castro v. Bass,* 74 N.M. 254, 392 P.2d 668 (1964). That would clearly have been a double recovery. Under current New Mexico law, a workman will not recover the entire amount of his damages from a third-party tort-feasor if the employer was partially negligent. Double recovery can occur only if the workmen's compensation benefits paid exceed the negligent employer's proportionate share of liability. In the instant case, Taylor may recover a maximum of 85% of his damages from third-party tortfeasors. To limit Taylor's workmen's compensation benefits to the employer's 10% share of the damages would not result in a double recovery in violation of the purpose of Section 52–1–56(C).

The provisions of NMSA 1978, Section 52–1–8, that an employer shall not be subject to any cause of action outside of the workmen's compensation act limits an employer's liability but does not in any way affect the employer's right to reimbursement. An employer's right to reimbursement stems from Section 52–1–56(C). We agree that because the only cause of action against an employer is under the Workmen's Compensation Act, a determination of the employer's negligence is irrelevant to his liability and is inappropriate for the purpose of awarding damages as against the employer. We do not agree, however, that a determination of the employer's negligence is inappropriate for all other purposes. We also do not agree that the employer is therefore entitled to reimbursement of all workmen's compensation benefits paid. Nothing in New Mexico's workmen's compensation statutes or case law prevents a determination of the employer's negligence for use as a factor in measuring the amount of reimbursement to which he may be entitled. We believe the employer's negligence is pertinent to the issue of whether he is entitled to reimbursement and, if so, the amount thereof.

We would therefore hold that the comparative negligence doctrine should be read in conjunction with the workmen's compensation statutes to require that an employer or its workmen's compensation carrier should be reimbursed from monies recovered by the injured workman from a third-party tort-feasor only in those instances where the employer or its insurer has paid more than its proportionate share of the employee's damages. On no occasion would the employer or its insurer be subjected to greater liability than that allowed by the

Workmen's Compensation Act. There should, of course, be no reimbursement in those cases in which the employer's share of liability is greater than or equal to the amounts paid under workmen's compensation because such reimbursement would be at the expense of the injured worker. Reimbursement to a negligent employer or its insurer should occur only when the amounts paid in workmen's compensation benefits exceed the employer's proportionate share of liability and the employee is able to recover additional sums from a third-party tort-feasor because only in this instance would the employee enjoy a double recovery. Reimbursement to a negligent employer or its insurer in any other instance would be at the expense of the injured workman and would allow a negligent employer to escape even the limited liability imposed by the Workmen's Compensation Act. A non-negligent employer or its insurer should be entitled to reimbursement of all benefits paid as workmen's compensation when the injured employee recovers from a third-party tort-feasor.

The Workmen's Compensation Act should be construed liberally so as to give effect to its benevolent purpose. *Glover v. Sherman Power Tongs,* 94 N.M. 587, 613 P.2d 729 (Ct.App.), *cert. denied,* 94 N.M. 675, 615 P.2d 992 (1980). "[W]orkmen's compensation statutes should be liberally and fairly construed in the workman's favor to insure the full measure of his exclusive statutory remedy." *Evans v. Stearns-Roger Manufacturing Co.,* 253 F.2d 383, 387 (10th Cir. 1958).

If Inland's insurer is reimbursed for the workmen's compensation benefits Mr. Taylor has been paid, Mr. Taylor would be denied the full recovery to which he is entitled. Inland, whose 10% share of the liability would amount to $140,000, is relieved from paying that because of the limited liability imposed by the workmen's compensation statutes. Under the majority opinion, Taylor's recovery of the $1,400,000 awarded by the jury will be further reduced by requiring him to reimburse the employer from the $510,000 paid by Delgarno and any other amounts he receives from other tort-feasors. We note that Delgarno has settled with Taylor for less than its 50% share of liability. This results in a further windfall to the employer and an inequitable treatment of the workman. This does not fulfill the intent of the legislature. For the foregoing reasons, we would hold that Inland's insurer is not entitled to reimbursement in this case.